UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

MARK W. DOBRONSKI,

Case No. 24-cv-12512

Hon. Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

Plaintiff,

v.

1-800-LAW-FIRM, PLLC
Defendant.

---

| MARK W. DOBRONSKI | ARI KRESCH (P29593) |
|---|---|
| Pro Se | Attorney for Defendant |
| PO Box 99 | 26700 Lahser Rd. Suite 310 |
| Dexter, MI  48130-0099 | Southfield, MI 48033 |
| 734.641.2300 | 1-800-Law-Firm |
| markdobronski@yahoo.com | akresch@1800lawfirm.com |

---

### DEFENDANT 1-800-LAW-FIRM, PLLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) and 56

Defendant 1-800-LAW-FIRM, PLLC, by and through its attorney, Ari Kresch, respectfully moves this Court to dismiss Plaintiff Mark W. Dobronski's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(c) and 56.

Defendant's Motion is supported by the accompanying Brief.

Respectfully submitted,

Dated: March 10, 2025

*/s/Ari Kresch*
Ari Kresch (P29593)
Attorney for Defendant

26700 Lahser Rd. Suite 310
Southfield, MI 48033
1-800-Law-Firm
akresch@1800lawfirm.com

## LR 7.1 STATEMENT OF CONFERRAL

Pursuant to LR 7.1(a), the undersigned counsel certifies that on February 28,
2025, he contacted Plaintiff to seek concurrence in the relief sought and concurrence
was denied.

## LOCAL RULE CERTIFICATION

I, Ari Kresch, certify that this document complies with Local Rule 5.1(a),
including: double-spaced (except for quoted materials and footnotes); at least one-inch
margins on the top, sides, and bottom; consecutive page numbering; and type size of all
text and footnotes that is no smaller than 10-1/2 characters per inch (for non-
proportional fonts) or 14 point (for proportional fonts). I also certify that it is the
appropriate length. Local Rule 7.1(d)(3)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

MARK W. DOBRONSKI,

Plaintiff,

v.

1-800-LAW-FIRM, PLLC
        Defendant.

Case No. 24-cv-12512

Hon. Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

| | |
|---|---|
| MARK W. DOBRONSKI | ARI KRESCH (P29593) |
| Pro Se | Attorney for Defendant |
| PO Box 99 | 26700 Lahser Rd. Suite 310 |
| Dexter, MI  48130-0099 | Southfield, MI 48033 |
| 734.641.2300 | 1-800-Law-Firm |
| markdobronski@yahoo.com | akresch@1800lawfirm.com |

**DEFENDANT 1-800-LAW-FIRM, PLLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) and 56**

# TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED ..........................................ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF
SOUGHT .......................................................................................................... iii

INTRODUCTION..............................................................................................1

STATEMENT OF FACTS...................................................................................1

ARGUMENT ....................................................................................................2

    A.  Plaintiff Provided Consent to Receive Text Messages ...................................2

    B.  Plaintiff's Claims Are Barred by Established Legal Precedent......................3

    C.  The National Do Not Call Registry Does Not Apply ....................................3

    D.  Plaintiff's Conduct Constitutes an Abuse of Process and Warrants Dismissal4

CONCLUSION .................................................................................................5

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.      Should this Court make a judgment on the pleadings and dismiss Plaintiff's Complaint based on Federal Rule of Civil Procedure 12(c)?

**Proposed Answer:** Yes.

*2.*      Should this Court make summary judgment and dismiss Plaintiff's claims based on Federal Rule of Civil Procedure 56?

**Proposed Answer:** Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

**Cases**

Dobronski v. Family First Life, et al., 2024 WL 575858, Case No. 2:22-cv-12039 (E.D. Mich. Jan. 19, 2024). ........................................................................................................................3

**Statutes**

28 U.S.C. § 1927 ...........................................................................................................................5

**Rules**

FED. R. CIV. P. 12(c) and 56...........................................................................................................5

## INTRODUCTION

The present action exemplifies Plaintiff's well-documented pattern of abusive litigation. Defendant 1-800-LAW-FIRM PLLC is a reputable law firm that provides individuals with access to free legal reviews and evaluations without commitment. Individuals seeking legal assistance may contact the firm through various channels, including phone, email, chat, video submissions, or by completing an online questionnaire. This preliminary intake process is essential for assessing potential legal claims and ensuring that individuals can make informed decisions regarding their legal options. Importantly, individuals retain the ability to opt out of communications at any time.

## STATEMENT OF FACTS

In this case, Defendant never initiated a telephone call to Plaintiff. Rather, Plaintiff voluntarily submitted an inquiry for legal assistance through Defendant's online advertisement using a false identity "Carla Heeringa," a name Plaintiff has previously used in other legal actions. This submission is documented in Defendant's Response to Plaintiff's First Set of Interrogatories (EXHIBIT A). As a direct result of his own solicitation in two separate campaigns, Plaintiff received one automated text message in response to each, three days apart, both of which included explicit opt-out instructions. Plaintiff's own evidence, as included in his Complaint at ECF No. 1,

1

PAGEID.14 at No. 57 and PAGEID.15 at No. 61 (EXHIBIT B), confirms that he had multiple opportunities to opt out but chose not to do so.

Furthermore, Plaintiff's litigation tactics demonstrate deliberate misconduct. He intentionally waited more than one year to file this lawsuit, knowing that industry practice limits third-party vendors' retention of SMS (Short Message Service) data to one year—effectively ensuring that Defendant would be unable to access records to defend itself. Additionally, Plaintiff has improperly subpoenaed Defendant's vendors for information and phone numbers unrelated to this case (EXHIBIT C), using the court's subpoena power not for legitimate discovery purposes, but to intimidate and burden innocent third parties.

Plaintiff's history of abusing the legal system extends beyond this case. He has a track record of using discovery not to substantiate his claims, but to identify additional businesses to sue. Plaintiff's professional misconduct is further underscored by his disciplinary history in Arizona, where he was sanctioned for unethical behavior. His present misuse of the judicial system continues this pattern, further demonstrating his intent to harass businesses through meritless litigation. This Court should not permit such abuse and should dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

### A. Plaintiff Provided Consent to Receive Text Messages

Under the Telephone Consumer Protection Act (TCPA), prior express consent is a complete defense against claims related to text message communications. Plaintiff

2

voluntarily submitted a request for information, thereby granting express consent under the law. Defendant's automated response text messages, which included clear opt-out instructions, fully complied with TCPA requirements. Plaintiff's failure to exercise these opt-out options further weakens his claims.

## B. Plaintiff's Claims Are Barred by Established Legal Precedent

The Eastern District of Michigan has consistently ruled against Plaintiff in similar cases, holding that he cannot bring claims for calls or messages that he actively solicited. In *Dobronski v. Family First Life, et al.*, the Court found that Plaintiff's "implied consent" precluded him from establishing both Article III and statutory standing, even if such consent did not serve as a complete TCPA defense. The Court further noted that Plaintiff's inquiries likely constituted an Established Business Relationship (EBR) exception under the Do Not Call (DNC) regulations. (Dobronski v. Family First Life, et al., 2024 WL 575858, Case No. 2:22-cv-12039 (E.D. Mich. Jan. 19, 2024).) Given this precedent, Plaintiff's claims in the present action should also be dismissed.

## C. The National Do Not Call Registry Does Not Apply

The National Do Not Call Registry ("DNC Registry") applies solely to unsolicited telemarketing calls made to registered phone numbers. It does not apply where the individual initiates the interaction, as Plaintiff did in this case. Defendant made no outbound calls to Plaintiff. Furthermore, the DNC Registry does not block

3

calls; it merely informs telemarketers which numbers they should not contact. Defendant is not a telemarketing company and, therefore, is not subject to DNC regulations. Additionally, the Federal Trade Commission ("FTC") expressly permits calls made for political, charitable, debt collection, informational, and survey purposes—even to numbers registered on the DNC list. Plaintiff has failed to provide any evidence that his number was registered on the DNC Registry at the time of the interaction.

### D. Plaintiff's Conduct Constitutes an Abuse of Process and Warrants Dismissal

Plaintiff has demonstrated a pattern of using discovery as a means to identify additional businesses to sue, rather than to advance legitimate claims. His attempts to subpoena Defendant's vendors for information wholly unrelated to this litigation exemplify his bad faith use of the court's resources. This type of abusive discovery practice places an undue burden on Defendant and imposes unnecessary legal costs. Moreover, Plaintiff's disciplinary history in Arizona further confirms his willingness to manipulate legal proceedings for personal gain. Allowing this case to proceed would embolden Plaintiff to continue his exploitative tactics and waste judicial resources. Accordingly, this Court should dismiss the Complaint in its entirety and impose sanctions to deter further misconduct.

## CONCLUSION

For the foregoing reasons, Defendant 1-800-LAW-FIRM, PLLC respectfully requests that this Court:

1.      Dismiss Plaintiff's Complaint with prejudice pursuant to FED. R. CIV. P. 12(c) and 56;

2.      Award Defendant its costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority; and

3.      Grant such other relief as the Court deems just and appropriate.

Dated: March 10, 2025                    Respectfully submitted,

*/s/Ari Kresch*
Ari Kresch (P29593)
Attorney for Defendant
26700 Lahser Rd. Suite 310
Southfield, MI 48033
1-800-Law-Firm
akresch@1800lawfirm.com

5

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

Case No. 24-cv-12512

MARK W. DOBRONSKI,

Hon. Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

Plaintiff,

v.

1-800-LAW-FIRM, PLLC
Defendant.

---

| | |
|---|---|
| MARK W. DOBRONSKI | ARI KRESCH (P29593) |
| Pro Se | Attorney for Defendant |
| PO Box 99 | 26700 Lahser Rd. Suite 310 |
| Dexter, MI  48130-0099 | Southfield, MI 48033 |
| 734.641.2300 | 1-800-Law-Firm |
| markdobronski@yahoo.com | akresch@1800lawfirm.com |

---

## DEFENDANT 1-800-LAW-FIRM, PLLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT 1-800-LAW-FIRM, PLLC

Defendant, 1-800-Law-Firm, PLLC by and through its attorney, Ari Kresch, hereby submits its response to Plaintiff's First Set of Interrogatories:

**Interrogatory No.1:** IDENTIFY the subscriber/owner of telephone number 734-210-0569 during the period June 1, 2023 through July 31, 2023.

**ANSWER:**  Defendant objects to Interrogatory No. 1 to the extent Plaintiff seeks information outside the knowledge, possession, custody, or control of the Defendant or its agents or employees, or that are more appropriately sought from third parties to whom requests may be directed.  Without waiving objection, this

number is owned by one of our vendors, Mav Automation Ventures Inc. Defendant reserves the right to supplement, amend or otherwise revise its response.

**Interrogatory No. 2:** IDENTIFY the subscriber/owner of telephone number 248-289-5560 during the period June 1, 2023 through July 31, 2023.

**ANSWER:** Defendant objects to Interrogatory No. 2 to the extent Plaintiff seeks information outside the knowledge, possession, custody, or control of the Defendant or its agents or employees, or that are more appropriately sought from third parties to whom requests may be directed. Without waiving objection, Defendant states this number is owned by one of our vendors, Mav Automation Ventures Inc. Defendant reserves the right to supplement, amend or otherwise revise its response.

**Interrogatory No. 3:** IDENTIFY "Mass Tort Flex NG".

**ANSWER:** Defendant objects to Interrogatory No. 3 to the extent Plaintiff seeks information outside the knowledge, possession, custody, or control of the Defendant or its agents or employees, or that are more appropriately sought from third parties to whom requests may be directed. Without waiving objection, this CallerID description was configured by our vendor, Mav Automation Ventures Inc. Defendant reserves the right to supplement, amend or otherwise revise its response.

**Interrogatory No. 4:** Provide Defendant's Subscription Account Number (SAN) assigned by the United States Federal Trade Commission for access to the National

Do Not Call Registry database.

**ANSWER:**  Defendant objects to Interrogatory No. 4 to the extent Plaintiff seeks information outside the knowledge, possession, custody, or control of the Defendant or its agents or employees, or that are more appropriately sought from third parties to whom requests may be directed.  Without waiving objection, Defendant has requested the Subscription Account Number (SAN) from our vendor, Mav Automation Ventures Inc.  Defendant reserves the right to supplement, amend or otherwise revise its response.

**Interrogatory No. 5:** DESCRIBE IN DETAIL how Defendant came to acquire the lead resulting in the sending of the SMS text messages described at Paragraphs 57 and 61 of the Complaint, including the original source of the lead, and the chain of custody of said lead from the original source until and including the sending of the SMS text messages.

**ANSWER:**  Defendant objects to Interrogatory No. 5 to the extent Plaintiff seeks information outside the knowledge, possession, custody, or control of the Defendant or its agents or employees, or that are more appropriately sought from third parties to whom requests may be directed.  Without waiving objection, an end user filled out a form via a third party publisher that was associated with 1-800-LAW-FIRM.  The end user was captured using the service.  The end user entered a name and phone number and further consented to being contacted by our firm.  The

3

full consent message was:

> BY CHECKING THIS BOX AND CLICKING THE 'AGREE AND SUBMIT' BUTTON BELOW, I PROVIDE EXPRESS WRITTEN CONSENT FOR CONSUMER CONCIERGE, FINANCIAL RELIEF CENTER, , AND THEIR MARKETING PARTNERS TO CONTACT ME BY TELEPHONE, WHICH MAY INCLUDE ARTIFICIAL OR PRE-RECORDED CALLS AND/OR TEXT MESSAGES, DELIVERED VIA AUTOMATED DIALING SYSTEM TO THE PHONE NUMBER(S) THAT I HAVE PROVIDED ABOVE (FOR WHICH I AM THE PRIMARY USER AND SUBSCRIBER), INCLUDING WIRELESS NUMBER(S) (EVEN IF THE PHONE NUMBER PROVIDED IS ON THE NATIONAL DO NOT CALL REGISTRY), IF APPLICABLE. I UNDERSTAND THAT MY CONSENT IS NOT REQUIRED TO MAKE A PURCHASE. CONSENT CAN BE REVOKED. MSG AND DATA RATES MAY APPLY. TO RECEIVE THE OFFERED GOODS AND SERVICES WITHOUT PROVIDING CONSENT, PLEASE EMAIL INFO@BUZZWORTHYSAMPLES.COM.

> Details of the lead event were as follows:
> Universal LeadiD: 18A52C4D-A0E7-6D0B-85FF-A430667143C3
> Event Date: 06/25/2023
> Event Time: 01:45:19 PM EDT
> IP Address: 172.59.186.103
> Location (as indicated by IP address): Chicago,IL

The end user was sent a text message by the platform provided by our vendor.  The name submitted with the phone number was Carla H******** and the text message was addressed to that user stated:

> As a safeguard for "Revenge Form Fills" our system is configured to provide users with the option to "Stop & Unsubscribe" from the message.

Additional form fills were submitted that included the plaintiff's number

with the same name.

Defendant reserves the right to supplement, amend or otherwise revise its response.

Dated: November 26, 2024

/s/Ari Kresch
Ari Kresch (P29593)
Attorney for Defendant
26700 Lahser Rd. Suite 310
Southfield, MI 48033
1-800-Law-Firm
akresch@1800lawfirm.com

## LOCAL RULE CERTIFICATION

I, Ari Kresch, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

### PROOF OF SERVICE

The undersigned certifies that on November 26, 2024, they caused to be served the foregoing document upon parties of record via electronic mail and mailing same to the addresses on record.  A Proof of Service has also been filed on the docket via the Court's electronic filing system.

Respectfully submitted,

/s/ Eva Skoczylas

5

**EXHIBIT B**

56. The caller identification number displayed with the message was 734-210-0569.

57. A screen shot of the received message follows:

Sunday Jun 25 2:32PM

Hi carla. I'm Tyra, for 1-800-LAW-FIRM. Thanks for contacting us regarding a claim against faulty Philips CPAP Machines. Would you like to see if you qualify for a case at no cost?

Reply with:
"A" for Yes
"B" for Not interested
"C" for Stop & Unsubscribe

58. Immediately after receiving the aforesaid text message, Plaintiff dialed the caller identification number displayed (734-210-0569) to make a do not call demand, but received a recorded message stating: "Hi there. Thanks for calling Mass Tort Flex NG. It looks like they do not have inbound calling enabled. We'll notify them. Goodbye."

59. On June 28, 2023, at approximately 12:51 A.M., Defendant or Defendant's third-party agent initiated a text message to Plaintiff's cellular telephone number 734-***-9671.

60. The caller identification number displayed with the message was 734-210-

0569.

61.  A screen shot of the received message follows:



62.  Immediately after receiving the aforesaid text message, Plaintiff dialed the

caller identification number displayed (248-289-5560) to make a do not call demand,

but received a recorded message stating: "Hi there.  Thanks for calling Mass Tort Flex

NG.  It looks like they do not have inbound calling enabled.  We'll notify them.

Goodbye."

63.  The aforesaid text messages expressly name 1-800-LAW-FIRM as the

sender.

64.  Between June 25, 2023 and June 30, 2023, Plaintiff received over a dozen

similar text messages soliciting Plaintiff's interest in various mass tort litigation and

tax debt settlement matters, but which are not clear as to identity of the sender, but

**EXHIBIT C**

The person using phone number (734)330-9671 spent over 3 minutes on the web page where the consent to contact was granted.  We have captured the following images from the visual playback of the users journey on the website where the lead request was generated.  The full compliance report can be found in Exhibit A.

Figure 1a – Options presented to user



Figure 1b – Options selected by user are changed from blue to green and have a checkmark.



Figure 2a – Options presented to user



Figure 2b – Options selected by user are changed from blue to green and have a checkmark.



Figure 3a – Options presented to user



Figure 3b – Options selected by user are changed from blue to green and have a checkmark.



Figure 4a – Options presented to user



Figure 4b – Options selected by user are changed from blue to green and have a checkmark.



Figure 5a – Confirmation form presented to user with the First Name "Carla" and Phone Number of (734)330-9671



Figure 5b – Unchecked consent agreement form, including language that confirms they are the primary user of the phone number provided and they agree to calls even if they are on the national do not call registry.



Figure 5c – Confirmation form with consent option being checked.



The name provided on the form matches the name on the image of the text message provided by the plaintiff.

Figure 5d – Image of 2nd Opt In message that was sent to the phone number (734)330-9671



Further investigation of the plaintiff's complaint revealed that the form was submitted by an IP Address that is provided by T-Mobile USA Inc. Network based on public data provided by IP2LOCATION in March of 2025.

Figure 6a - Geolocation data for the IP Address 172.59.186.103 which was used to submit the form.



Data provided by our Vendor, Mav Automation, indicates that the phone number submitted with the consent form was also on the T-Mobile USA Inc. Network at the time the text message was sent.

Figure 6b – Report indicating that the text messages were delivered to the T-Mobile Network

| MESSAGETYPE | MESSAGEID | CALLDIRECTION | SOURCETN | DESTINATIONTN | MESSAGEDATE | RECEIVEDTIMESTAMP | SENTTIMESTAMP | COMPLETEDTIMESTAMP | MESSAGESEGMENTS | MESSAGESTATUS | CARRIERNAME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| sms | 1687717974842jdy72ew3ielghxi | OUTBOUND | 17342100469 | 17343309671 | 6/25/23 | 6/25/23 18:32 | 6/25/23 18:32 | 6/25/23 18:32 | 2 | DELIVERED | TMobile |
| sms | 1687927862373mw5nh4zjnarleoxn | OUTBOUND | 12482895560 | 17343309671 | 6/28/23 | 6/28/23 4:51 | 6/28/23 4:51 | 6/28/23 4:51 | 3 | DELIVERED | TMobile |
| sms | 1688098604600l3gzhkfjduldgpdn | OUTBOUND | 12482895560 | 17343309671 | 6/30/23 | 6/30/23 4:16 | 6/30/23 4:16 | 6/30/23 4:16 | 2 | DELIVERED | TMobile |
| sms | 1688098611642hvvztxxhtp4oiawa | OUTBOUND | 12482895560 | 17343309671 | 6/30/23 | 6/30/23 4:16 | 6/30/23 4:16 | 6/30/23 4:16 | 1 | DELIVERED | TMobile |

The Carrier Lookup service provided by Text Magic indicates that the phone number (734)330-9671 is part of the T-Mobile USA, Inc. carrier network as of March 2025

Figure 6c – Lookup results from Text Magic website



**Lookup results**

| | |
|---|---|
| Phone number (E164 format) | +17343309671 [Valid]  📱 Send SMS   👤 Add to contacts |
| International | +1 734-330-9671 |
| National | (734) 330-9671 |
| RFC3966 | tel:+1-734-330-9671 |
| Out-of-country format from US | 011 1 734-330-9671 |
| Timezones | America/New_York |
| Country | 🇺🇸 United States |
| Phone type | Mobile |
| Carrier name | T-Mobile USA, Inc. |
| Mobile country code | 310 |
| Network country code | 800 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

MARK W. DOBRONSKI,

                    Plaintiff,

v.

1-800-LAW-FIRM, PLLC

            Defendant.

Case No. 24-cv-12512

Hon. Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

| | |
|---|---|
| MARK W. DOBRONSKI | ARI KRESCH (P29593) |
| Pro Se | Attorney for Defendant |
| PO Box 99 | 26700 Lahser Rd. Suite 310 |
| Dexter, MI  48130-0099 | Southfield, MI 48033 |
| 734.641.2300 | 1-800-Law-Firm |
| markdobronski@yahoo.com | akresch@1800lawfirm.com |

## NOTICE OF HEARING

Please take notice that Defendant 1-800-LAW-FIRM, PLLC's Motion to Dismiss Plaintiff's Complaint will be brought before the Honorable Brandy R. McMillion on a date and time determined by the Court.

                           Respectfully submitted,

Dated: March 10, 2025

                           */s/Ari Kresch*
                           Ari Kresch (P29593)
                           Attorney for Defendant
                           26700 Lahser Rd. Suite 310
                           Southfield, MI 48033
                           1-800-Law-Firm
                           akresch@1800lawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

Case No. 24-cv-12512

MARK W. DOBRONSKI,

Hon. Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

Plaintiff,

v.

1-800-LAW-FIRM, PLLC
Defendant.

---

| MARK W. DOBRONSKI | ARI KRESCH (P29593) |
|---|---|
| Pro Se | Attorney for Defendant |
| PO Box 99 | 26700 Lahser Rd. Suite 310 |
| Dexter, MI  48130-0099 | Southfield, MI 48033 |
| 734.641.2300 | 1-800-Law-Firm |
| markdobronski@yahoo.com | akresch@1800lawfirm.com |

---

## PROOF OF SERVICE

The undersigned certifies that on March 10, 2025, they filed Motion to Dismiss Plaintiff's Complaint and Brief in Support, Notice of Hearing and this Proof of Service using the Court's ECF filing system that will serve same upon parties of record and a copy has also been emailed to Plaintiff at their email address: markdobronski@yahoo.com.

Respectfully submitted,

*/s/Eva Skoczylas*