UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

               Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

               Defendant.

Case No.  **2:24-cv-12512**

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY
<u>PENDING DECISION ON MOTION TO DISMISS</u>**

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, hereby responds in opposition to Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss [ECF No. 14] ("Motion"), and shows as follows:

As a preliminary matter, Defendant 1-800-Law-Firm, PLLC ("800LawFirm") has failed to comply with the "confer" requirements of E.D. Mich. LR 7.1(a).

As will be shown herein, this Motion (and 3 other motions filed by 800LawFirm simultaneously on the same afternoon) have been filed in a bad faith attempt to disrupt the orderly progress in this case.

WHEREFORE, for the foregoing reasons, and as further set forth in the accompanying brief, Plaintiff respectfully requests that Defendant's Motion to Stay

1

Discovery Pending Decisions on Motion to Dismiss be DENIED.

Respectfully submitted,

Date: March 12, 2025

_____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,                    Case No.  **2:24-cv-12512**

                   Plaintiff,         Honorable Brandy R. McMillion
                                      United States District Judge
v.
                                      Honorable Kimberly G. Altman
1-800-LAW-FIRM, PLLC,                 United States Magistrate Judge

                   Defendant.
_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY
<u>PENDING DECISION ON MOTION TO DISMISS</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.    Should the Court stay this case pending a decision on Defendant's Motion to Dismiss?

          Defendants says:   Yes.

          Plaintiff says:    NO.

## MOST RELEVANT OR CONTROLLING AUTHORITY

*Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D.Nev.1997)

*U.S. v. Ramesh*, 2009 WL 817549 (E.D.Mich.,2009)

# INTRODUCTION

## A.    Case Background.

The above-captioned civil action arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. 227, et seq. [ECF No. 1, PageID.1 , ¶ 1].  Commencing during June 2023, Plaintiff received a series of uninvited SMS text messages and telephone solicitation calls to his cellular telephone number 734-***-9671. [ECF No. 1, PageID.14-16, ¶¶ 55-64].  Two of the SMS text messages were addressed to "Carla", and were seeking interest in qualifying for mass tort litigation claims involving, *inter alia*, faulty Philips continuous positive air pressure (CPAP) machines, and polyfluoroalkyl substances (PFAS), which SMS text messages also identify Defendant 1-800-LAW-FIRM as the sender. [ECF No. 1, PageID.14, ¶ 57; PageID.15, ¶ 61].  All totaled, Plaintiff during the final week of June 2023, Plaintiff received over a dozen similar SMS text messages, a well as several telephone calls, addressed to "Carla", and soliciting interest in various mass tort litigation and tax debt settlement matters, but which are not clear as to the identity of the sender. [ECF No. 1, PageID.16, ¶ 64].  The SMS text messages and telephone solicitations appear be somehow related to Defendant 1-800-LAW-FIRM, as the SMS text messages are all in similar format and more than one of the messages had the same caller identification numbers as utilized in the earlier 2 SMS text messages described.  In addition, several telephone solicitations asked for "Carla" and sought interest in

6

various mass tort litigation claim matters, but the callers would hang-up when asked to identify themselves. [*Id.*]

**B.     Procedural Status.**

On September 25, 2024, Plaintiff initiated this action by the filing of the Complaint.   [ECF No. 1].    Defendant was promptly served the summons and complaint on October 1, 2024. [ECF No. 6].  On October 21, 2024, Defendant filed an Answer to the Complaint. [ECF No. 7].   On October 25, 2024, a Scheduling Order was entered, discovery opened, and a discover due date of February 25, 2025 was set. [ECF No. 9].

On October 26, 2024, Plaintiff served  Plaintiff's First Set of Interrogatories [see EXHIBIT 1], Plaintiff's First Requests for Production of Documents [See EXHIBIT 2], and Plaintiff's First Requests for Admissions upon Defendant [see EXHIBIT 3], upon Defendant.

On November 26, 2024, Defendant served responses and objections to Plaintiff's First Set of Interrogatories, and responses and objections to Plaintiff's First Requests for Production of Documents, upon Plaintiff.

On December 2, 2024, Plaintiff served Plaintiff's Second Set of Interrogatories [see EXHIBIT 4], Plaintiff's Second Requests for Production of Documents [see EXHIBIT 5], and Plaintiff's Second Requests for Admissions [see EXHIBIT 6], upon Defendant.  Responses were due on January 2, 2025.

7

On February 5, 2025, the Court held a Status Conference to resolve a discovery dispute: Defendant had not responded to any of Plaintiff's discovery requests served on December 2, 2024. At the status conference, the Magistrate Judge directed that Defendant shall respond to Plaintiff's second set of discovery requests within 30 days (being March 7, 2025). [ECF No. 12].

On February 8, 2025, Plaintiff served Plaintiff's Third Requests for Production of Documents upon Defendant. [see EXHIBIT 7]. Responses were due on March 10, 2026.

Instead of responding to Plaintiff's discovery requests, Defendant waited until March 10, 2025 --- three days after the March 7, 2025 deadline, and more than 68 days after the original January 2, 2025 response deadline — to file four (4) motions with the Court:

- Defendant 1-800-Law Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13];

- Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss [ECF No. 14];

- Motion for Attorney's Fees and Costs [ECF No. 15]; and,

- Defendant 1-800-Law-Firm's Motion for Sanctions Against Plaintiff Mark Dobronski for Frivolous Litigation and Abuse of the Judicial Process [ECF No. 16].

8

Reviewing this sheaf of motions, it becomes apparent that the motions have been filed for the sole purpose of harassment and delay.   Clearly, Defendant is evading discovery because Defendant does not want to get to the factual merits of this case.

**PRELIMINARY MATTER**

E.D. Mich. LR 7.1(a)(1) promulgates:

> "Before filing a motion... the movant must ascertain before filing whether the contemplated motion... will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order."

E.D. Mich. LR 7.1(a)(1).

However, Defendant's Motion to Stay contains no certification that there was any conference between the parties; nor, was there such a conference.

The failure to comply with E.D. Mich. LR 7.1(a) on Defendant's part reaches epidemic proportion.   Two of the other three (3) motions simultaneously filed by Defendant on March 10, 2025 each contain a "LR 7.1 Statement of Conferral", signed

by Defendant's counsel, Ari Kresch, certifying "that on February 28, 2025, he contacted Plaintiff to seek concurrence in the relief sought and concurrence was denied." [ECF No. 13, PageID.46; ECF No. 15, PageID.89].  But, even those certifications are untrue, as at no time on February 28, 2025 – or any other date – did Kresch engage in a LR 7.1(a) conference with Plaintiff regarding any prospective motion.  See Affidavit of Mark W. Dobronski, attached hereto at EXHIBIT 8, ¶¶ 4-6.

Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District; inasmuch as defendant has failed to comply with this Local Rule prior to filing this motion, the Court must deny the relief that defendant seeks to obtain. *U.S. v. Ramesh*, 2009 WL 817549, at *6 (E.D.Mich.,2009). The Local Rules, as well as the Federal Rules of Civil Procedure, are called "rules," not "suggestions" or "guidelines," and as Justice (then Judge) Charles Levin stated in *People v. Farrar*, 36 Mich.App. 294, 299 193 N.W.2d 363, 366 (1971), "Unless we enforce the rules we encourage their violation...." *Bryce v. Commissioner of Social Security*, 2013 WL 12123666, at *1 (E.D. Mich. 2013).

## LEGAL STANDARD

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*. 643 F.2d 1229 (6th Cir.1981).  The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  *Gray v. First Winthrop Corp.*, 133

F.R.D. 39, 40 (N.D.Cal.1990) citing 4 J. Moore, Federal Practice § 26.70[2], at 461.

*See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556

(D.Nev.1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and

of itself would warrant a stay of discovery....").

## ARGUMENT

### A.  The Pending Motion to Dismiss Does Not Eliminate or Narrow Plaintiff's Claims

Even a cursory review of Defendant's Motion to Dismiss [ECF No. 13] reveals

that the motion is devoid of facts or requisite support and is lacking in merit.

For instance, in the Motion to Dismiss, Defendant argues that "Plaintiff

provided consent to receive text messages." [ECF No. 13, PageID.52].  But, nowhere

does Defendant provide any evidence of *any* consent allegedly provided by Plaintiff.

Likewise, in the Motion to Dismiss, Defendant argues that "Plaintiff's claims

are barred by established legal precedent." [ECF No. 13, PageID.53].  Defendant fails

to identify *any* claims set forth in the Complaint, let alone any explanation as to why

the claims are barred.

Defendant next argues that "the National Do Not Call Registry does not apply."

[ECF No. 13, PageID.53].  Although Defendant argues that the National Do Not Call

Registry does not applied "where the individual initiates the interaction, as Plaintiff

did in this case."  However, Defendant offers no explanation or evidence that Plaintiff

"initiated" any interaction.

Lastly, Defendant argues that "Plaintiff's conduct constitutes an abuse of process and warrants dismissal." [ECF No. 13, PageID.54].  But, Defendant offers no explanation as what "pattern of using discovery."  Defendant argues that "Plaintiff's disciplinary history in Arizona confirms his willingness to manipulate legal proceedings for personal gain." [*Id.*] By, here again, Defendant offers no explanation as to what "disciplinary history" or what "manipulation of legal proceedings."

Given that Defendant's Motion to Dismiss is woefully insufficient and lacks merit, it is clear that the motion will not eliminate or narrow Plaintiff's claims.

### B.    A Stay Will Cause Undue Burden and Expense

Given that Defendant's Motion to Dismiss is insufficient on its face and lacks merit, any stay will only cause an unnecessary increase in expense in this litigation.

### C.    Plaintiff Will Be Prejudiced by a Temporary Stay

Given that Defendant's Motion to Dismiss is insufficient on its face and lacks merit, any stay will prejudice Plaintiff.  Indeed, Defendant expressly notes in its Motion that "industry practice limits third-party vendors' retention of SMS (Short Message Service) data to one year — effectively ensure that Defendant would be unable to access records to defend itself." [ECF No. 13, PageID.52].  In fact, federal regulations require telephone carriers to maintain billing records for 18 months.  *See* 47 C.F.R. § 42.6.  Accordingly, by gaining a stay, Defendant is attempting to ensure

that Plaintiff will be unable to obtain telephone billing records proving Defendant's involvement in the illegal telemarketing calls to Plaintiff's cell phone.

## CONCLUSION

"Discovery is not to be treated as a game of hide-and-seek. It should be a forthright effort to expedite litigation so that there is no unnecessary waste of time or expense." *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228 (E.D.Mich.1978). It is also well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery. See, e.g., *Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015) ("Generally, the filing of a dispositive motion is insufficient to warrant a stay of discovery."); *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."; see also *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc*., 2008 WL 641252, at *1 (S.D.Ohio,2008) ("One argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion.").

Clearly, Defendant is using the filing of the sheaf of four motions as a subterfuge to make untimely objections to the discovery requests that have, months ago, been propounded.  Failure to timely object to discovery requests constitutes a

13

waiver of any objection. *Sobol v. Imprimis Pharm.*, No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017); *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016); *Equal Employment Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-CV-590-JHM, 2017 WL 1658934, at *3 (W.D. Ky. May 1, 2017).

WHEREFORE, Plaintiff respectfully requests that this Court enter its Order that Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss [ECF No. 14] be DENIED.

Respectfully submitted,

Date: March 12, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 12, 2025**, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

14

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,                     Case No.   2:24-cv-12512

          Plaintiff,              Honorable Brandy R. McMillion
                                   United States District Judge

v.

                                   Honorable Kimberly G. Altman

1-800-LAW-FIRM, PLLC,                  United States Magistrate Judge

          Defendant.

_____

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO
## DEFENDANT 1-800-LAW-FIRM, PLLC

Plaintiff MARK W. DOBRONSKI, pursuant to Rule 33 of the Federal Rules of

Civil Procedure, propounds these Interrogatories, which Defendant 1-800-LAW-

FIRM, PLLC shall answer separately and fully, in writing and under oath, within thirty

(30) days of service hereof, in accordance with the instructions and definitions set forth

hereinafter.

### Instructions

1.  Unless otherwise specified, these interrogatories are limited to the time
period from June 1, 2023 to present.

2. Where knowledge, information, or documents are requested, such request
encompasses knowledge, information or documents in your possession, custody or
control, or in the possession, custody or control of your staff, agents, employees,
representatives and, unless privileged, attorneys, or any other person who has
possession, custody or control of your proprietary knowledge, information or

- 1 -

documents.

3. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4. For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

5. Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

6. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## **Definitions**

As used in these Interrogatories:

1. The term "Defendant" as used in these interrogatories shall mean Real Innovation Inc., and includes you, your employees, your insurance companies, their agents, their employees, your accountants, your attorneys, your agents, your investigators, and anyone else acting on your behalf..

2. The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

3.  "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4.  "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone

- 3 -

conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

        d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

        e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

    5.  "Including" means including, but not limited to.

    6.  "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

    7.  "Plaintiff" means Mark W. Dobronski.

    8.  "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

    9.  "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

    10.  "You," "your" or "your company" means Defendant.

    11.  The terms "advertisement," "automatic telephone dialing system," "prior express written consent," "seller," "telemarketer," "telemarketing," and "telephone solicitation" shall have the meanings as ascribed to them respectively at 47 C.F.R. § 64.1200(f).

    12.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or"

- 4 -

shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## Interrogatories

**Interrogatory No. 1:** IDENTIFY the subscriber/owner of telephone number 734-210-0569during the period June 1, 2023 through July 31, 2023.

**Interrogatory No. 2:** IDENTIFY the subscriber/owner of telephone number 248-289-5560 during the period June 1, 2023 through July 31, 2023.

**Interrogatory No. 3:** IDENTIFY "Mass Tort Flex NG".

**Interrogatory No. 4:** Provide Defendant's Subscription Account Number (SAN) assigned by the United States Federal Trade Commission for access to the National Do Not Call Registry database.

**Interrogatory No. 5:** DESCRIBE IN DETAIL how Defendant came to acquire the lead resulting in the sending of the SMS text messages described at Paragraphs 57 and 61 of the Complaint, including the original source of the lead, and the chain of custody of said lead from the original source until and including the sending of the SMS text

messages..

Respectfully submitted,

Dated: October 26, 2024

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **October 26, 2024**, I caused a copy of the foregoing *Plaintiff's First Set of Interrogatories to 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Ari Kresch, Esq.
26700 Lahser Road, Suite 310
Southfield, Michigan 48033-2617

_____
Mark W. Dobronski

# EXHIBIT
# 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK W. DOBRONSKI,           Case No.   2:24-cv-12512

        Plaintiff,             Honorable Brandy R. McMillion
                             United States District Judge

v.

                             Honorable Kimberly G. Altman
1-800-LAW-FIRM, PLLC,        United States Magistrate Judge

        Defendant.

_____

**PLAINTIFF'S FIRST REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT 1-800-LAW-FIRM, PLLC**

Plaintiff Mark W. Dobronski ("Dobronski") submits the following Requests

for Production of Documents to Defendant 1-800-LAW-FIRM, PLLC.  Pursuant to

Fed. R. Civ. P. 34, you are required to provide documents, as defined below, and file

written responses and answers to the requests for production within thirty (30) days

of service of them upon you.

**General Instructions and Definitions**

The word "Plaintiff" means Mark W. Dobronski.

The word "Defendant" shall mean 1-800-Law-Firm, PLLC, including you, your
agents, your employees, your insurance companies, their agents, their employees,
your attorneys, your accountants, your investigators, and anyone else acting on your
behalf.

The word "documents" includes those in the custody or control of Defendant,

- 1 -

their attorneys or their investigators, or of any third parties to whom Defendant have surrendered possession, custody or control, or who are acting on their behalf, or who have otherwise obtained possession, custody or control, or who, upon their request, would surrender possession, custody or control to Defendant.

As used in these requests, the term "document" includes, without limitation, the original or any copies, regardless of origin or location, of any book, pamphlet, periodical, application, agreement, appointment calendar, letter, diary, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check,  statement, chart, graph, map, diagram, blueprints, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, summary, notebooks, photographs, instructions, electronically-stored data, minutes, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, computer-storage device or any other media to which Plaintiff has or had access, and any copies of reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of a copy sent or received or otherwise including drafts.

Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation. "Documents" are considered to include all attachments, enclosures and other documents which relate or refer to the original document.

If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge they have concerning the document they are unable to produce.  If any such document was, but is no longer, in her possession, custody or control, state how it was disposed of and the reason for such disposition.

If any document called for by these requests has been destroyed, the document is to be identified as follows:

1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained;

9.      Date of destruction;

10.     Manner and reason for destruction;

11.     Person who authorized destruction; and

12.     Person who destroyed the document.

If any document called for by these requests is withheld on the basis of a claim of privilege, identify the document as follows:

1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained; and

- 3 -

9.      Present custodian and nature of the privilege asserted.

The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

These requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

### **Requests to Produce**

**Request for Production No. 1:** Any and all documents evidencing "prior express written consent" (as that term is defined at 47 C.F.R. 64.1200(f)(8)) to initiate any telephone call to telephone number 734-330-9671.

**Request for Production No. 2:** Any and all documents evidencing "prior express consent" (as that term is used at 47 U.S.C. § 227(b)) to initiate any telephone call to telephone number 734-330-9671.

**Request for Production No. 3:** Any and all documents evidencing the date and time of Defendant's acquisition of the National Do Not Call Registry database for North

American Numbering Plan area code 734 at any time during the period April 1, 2023 through July 31, 2023, inclusive.

**Request for Production No. 4:** Call detail records showing the date/time and telephone number called for each outbound SMS text message advertisement sent by or on behalf of Defendant during the period June 1, 2023 through July 31, 2023, inclusive.

**Request for Production No. 5:** Telephone bills for the telephone account including telephone numbers 734-210-0569 and/or 248-289-5560 for the period June 1, 2023 through July 31, 2023, inclusive.

**Request for Production No. 6:** Any and all correspondence, agreements, and/or contracts by and between Defendant and any third party to send outbound SMS text message advertisements on behalf of Defendant during the period June 1, 2023 through July 31, 2023, inclusive.

**Request for Production No. 7:** Defendant's written do-not-call policy, including any and all amendments or revisions thereto, that were in effect at any time during the

period June 1, 2023 through July 31, 2023, inclusive.

**Request for Production No. 8:** Any and all correspondence by and between Defendant and any third-party (other than your attorneys) which in any way discuss Plaintiff or any of the facts alleged in the Complaint.

**Request for Production No. 9:** Any documents which you may utilize as an exhibit to any motion, or during the course of any deposition, or at the time of trial in this matter.

**Request for Production No. 10:** A copy of Defendant's "do not call" list showing all telephone numbers appearing thereupon and the date each said telephone number was added to the list, as existed during the period June 1, 2023 through July 31, 2023.

**Request for Production No. 14:** Any contract or agreement by and between Defendant and any other person wherein said person is providing outbound telemarketing call center services or telemarketing lead generation services to or for Defendant.

Respectfully submitted,

Dated: October 26, 2024

_____

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **October 26, 2024**, I caused a copy of the foregoing *Plaintiff's First Requests for Production of Documents to 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Ari Kresch, Esq.
26700 Lahser Road, Suite 310
Southfield, Michigan 48033-2617

_____

Mark W. Dobronski

- 7 -

# EXHIBIT
# 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,                     Case No.   2:24-cv-12512

          Plaintiff,                 Honorable Brandy R. McMillion
                                      United States District Judge

v.

                                      Honorable Kimberly G. Altman

1-800-LAW-FIRM, PLLC,                  United States Magistrate Judge

          Defendant.

_____

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT 1-800-LAW-FIRM, PLLC.

Plaintiff MARK W. DOBRONSKI ("Plaintiff") submits the following requests for admissions to Defendant 1-800-LAW-FIRM, PLLC.  Pursuant to Fed. R. Civ. P. 36 you must file and serve a written response to these requests within thirty (30) days of service of them upon you.  Your response to each matter may be in the form of an admission, a specific denial, an objection (with reasons clearly stated), or a statement that the matter cannot be admitted or denied.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and the information known or readily available to you was insufficient to enable you to admit or deny.

**Definitions**

The term "Defendant" shall mean 1-800-Law-Firm, PLLC including all affiliates and/or subsidiaries, and including all agents, employees, managers, employees, and representatives.

The term "Plaintiff" shall mean Mark W. Dobronski.

**Requests for Admission**

You are requested to admit the truth of the following matters of fact:

**Request to Admit No. 1:** On June 25, 2023, at approximately 2:32 P.M., Defendant or Defendant's third-party agent initiated sending a SMS text message to Plaintiff's cellular telephone number 734-330-9671.

**Request to Admit No. 2:** An automated telephone dialing system was utilized to initiate the sending of the SMS text message referenced in Request to Admit No. 1.

**Request to Admit No. 3:** The caller identification number displayed for the SMS text message referenced in Request to Admit No. 1 was 734-210-0569.

**Request to Admit No. 4:** On June 25, 2023, a person dialing telephone number 734-210-0569 during normal business hours would not be able to make a "do not call"

2

request.

**Request to Admit No. 5:** On June 25, 2023, telephone number 734-330-9671 was registered on the national-do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

**Request to Admit No. 6:** On June 28, 2023, at approximately 12:51 A.M., Defendant or Defendant's third-party agent initiated sending a SMS text message to Plaintiff's cellular telephone number 734-330-9671.

**Request to Admit No. 7:** An automated telephone dialing system was utilized to initiate the sending of the SMS text message referenced in Request to Admit No. 6.

**Request to Admit No.8:** The caller identification number displayed for the SMS text message referenced in Request to Admit No. 6 was 248-289-5560.

**Request to Admit No. 9:** On June 28, 2023, a person dialing telephone number 248-289-5560 during normal business hours would not be able to make a "do not call" request.

**<u>Request to Admit No. 10:</u>** On June 28, 2023, telephone number 734-330-9671 was registered on the national-do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

**<u>Request to Admit No. 11:</u>** The call sending the SMS text message referenced in Request to Admit No. 6 was initiated outside the time period of 8 a.m. to 9 p.m. local time at the called party's location.

Respectfully submitted,

Dated: October 26, 2024

_____

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

4

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Dobronski, certify that on **October 26, 2024**, I caused a copy of the foregoing *Plaintiff's First Requests for Admissions to Defendant 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

> Ari Kresch, Esq.
> 26700 Lahser Road, Suite 310
> Southfield, Michigan 48033-2617

_____
Mark W. Dobronski

5

# EXHIBIT
# 4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,

               Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

               Defendant.

Case No.   2:24-cv-12512

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

## PLAINTIFF'S SECOND SET OF INTERROGATORIES
## TO
## DEFENDANT 1-800-LAW-FIRM, PLLC

Plaintiff MARK W. DOBRONSKI, pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds these Interrogatories, which Defendant 1-800-LAW-FIRM, PLLC shall answer separately and fully, in writing and under oath, within thirty (30) days of service hereof, in accordance with the instructions and definitions set forth hereinafter.

### Instructions

1.  Unless otherwise specified, these interrogatories are limited to the time period from June 1, 2023 to present.

2. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or

- 1 -

documents.

3.  Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.  For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

5.  Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

6.  For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

### **Definitions**

As used in these Interrogatories:

1.  The term "Defendant" as used in these interrogatories shall mean Real Innovation Inc., and includes you, your employees, your insurance companies, their agents, their employees, your accountants, your attorneys, your agents, your investigators, and anyone else acting on your behalf..

2.  The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

- 2 -

3. "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone

conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

        d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

        e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

    5.  "Including" means including, but not limited to.

    6.  "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

    7.  "Plaintiff" means Mark W. Dobronski.

    8.  "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

    9.  "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

    10.  "You," "your" or "your company" means Defendant.

    11.  The terms "advertisement," "automatic telephone dialing system," "prior express written consent," "seller," "telemarketer," "telemarketing," and "telephone solicitation" shall have the meanings as ascribed to them respectively at 47 C.F.R. § 64.1200(f).

    12.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or"

shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## Interrogatories

**Interrogatory No. 1:** IDENTIFY the "third party publisher" that is referenced in Defendant's answer to Interrogatory No. 5 of Plaintiff's First Interrogatories to Defendant 1-800-Law-Firm, PLLC.

**Interrogatory No. 2:** Provide full details (Universal LeadiD, Event Date, Evernt Time, IP Address, Location) and all information (name, address, phone number, etc.) input by the "end user" for each "lead event" which was "captured" by Defendant's "third party publisher" which lead event form included telephone number 734-330-9671. (See Defendant's answer to Interrogatory No. 5 of Plaintiff's First Interrogatories to Defendant 1-800-Law-Firm, PLLC.)

**Interrogatory No. 3:** IDENTIFY any and all third-parties to which Defendant has had discussions or communications regarding Plaintiff and/or this lawsuit, including the date and nature of said discussions/communications..

Respectfully submitted,

Dated: December 2, 2024

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **December 2, 2024**, I caused a copy of the foregoing *Plaintiff's Second Set of Interrogatories to Defendant 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Ari Kresch, Esq.
26700 Lahser Road, Suite 310
Southfield, Michigan 48033-2617

_____
Mark W. Dobronski

# EXHIBIT
# 5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK W. DOBRONSKI,                    Case No.  2:24-cv-12512

               Plaintiff,        Honorable Brandy R. McMillion
                       United States District Judge

v.

                              Honorable Kimberly G. Altman

1-800-LAW-FIRM, PLLC,                 United States Magistrate Judge

               Defendant.

_____

## PLAINTIFF'S SECOND REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO
## <u>DEFENDANT 1-800-LAW-FIRM, PLLC</u>

Plaintiff Mark W. Dobronski ("Dobronski") submits the following Requests

for Production of Documents to Defendant 1-800-LAW-FIRM, PLLC.  Pursuant to

Fed. R. Civ. P. 34, you are required to provide documents, as defined below, and file

written responses and answers to the requests for production within thirty (30) days

of service of them upon you.

## <u>General Instructions and Definitions</u>

The word "Plaintiff" means Mark W. Dobronski.

The word "Defendant" shall mean 1-800-Law-Firm, PLLC, including you, your
agents, your employees, your insurance companies, their agents, their employees,
your attorneys, your accountants, your investigators, and anyone else acting on your
behalf.

The word "documents" includes those in the custody or control of Defendant,

- 1 -

their attorneys or their investigators, or of any third parties to whom Defendant have surrendered possession, custody or control, or who are acting on their behalf, or who have otherwise obtained possession, custody or control, or who, upon their request, would surrender possession, custody or control to Defendant.

As used in these requests, the term "document" includes, without limitation, the original or any copies, regardless of origin or location, of any book, pamphlet, periodical, application, agreement, appointment calendar, letter, diary, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check,  statement, chart, graph, map, diagram, blueprints, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, summary, notebooks, photographs, instructions, electronically-stored data, minutes, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, computer-storage device or any other media to which Plaintiff has or had access, and any copies of reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of a copy sent or received or otherwise including drafts.

Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation. "Documents" are considered to include all attachments, enclosures and other documents which relate or refer to the original document.

If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge they have concerning the document they are unable to produce.  If any such document was, but is no longer, in her possession, custody or control, state how it was disposed of and the reason for such disposition.

If any document called for by these requests has been destroyed, the document is to be identified as follows:

      1.     Address or (if applicable);

      2.     Addressee (if applicable);

3. Indicated or blind copies;

4. Date;

5. Subject matter;

6. Number of pages;

7. Attachments and appendices;

8. All persons to whom it was distributed, shown or explained;

9. Date of destruction;

10. Manner and reason for destruction;

11. Person who authorized destruction; and

12. Person who destroyed the document.

If any document called for by these requests is withheld on the basis of a claim of privilege, identify the document as follows:

1. Address or (if applicable);

2. Addressee (if applicable);

3. Indicated or blind copies;

4. Date;

5. Subject matter;

6. Number of pages;

7. Attachments and appendices;

8. All persons to whom it was distributed, shown or explained; and

- 3 -

9.      Present custodian and nature of the privilege asserted.

The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

These requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

## **Requests to Produce**

**Request for Production No. 1:** Any and all Jornaya Guardian TCPA Reports (or similar reports from other third-party lead witness platforms) documents evidencing "lead events" wherein telephone number 734-330-9671 was entered on the lead form.


Respectfully submitted,


Dated: December 2, 2024          _____
                                 Mark W. Dobronski
                                 Plaintiff *In Propria Persona*
                                 Post Office Box 99
                                 Dexter, Michigan 48130-0099
                                 Telephone: (734) 641-2300
                                 Email: markdobronski@yahoo.com

**<u>CERTIFICATE OF SERVICE</u>**

  I, Mark W. Dobronski, certify that on **December 2, 2024**, I caused a copy of the foregoing *Plaintiff's Second Requests for Production of Documents to Defendant 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

    Ari Kresch, Esq.
    26700 Lahser Road, Suite 310
    Southfield, Michigan 48033-2617

                _____
                Mark W. Dobronski

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,                      Case No.   2:24-cv-12512

            Plaintiff,                      Honorable Brandy R. McMillion
                                     United States District Judge

v.

                                     Honorable Kimberly G. Altman
1-800-LAW-FIRM, PLLC,                   United States Magistrate Judge

            Defendant.

_____

## PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS
## TO DEFENDANT 1-800-LAW-FIRM, PLLC.

Plaintiff MARK W. DOBRONSKI ("Plaintiff") submits the following requests for admissions to Defendant 1-800-LAW-FIRM, PLLC.  Pursuant to Fed. R. Civ. P. 36 you must file and serve a written response to these requests within thirty (30) days of service of them upon you.  Your response to each matter may be in the form of an admission, a specific denial, an objection (with reasons clearly stated), or a statement that the matter cannot be admitted or denied.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and the information known or readily available to you was insufficient to enable you to admit or deny.

## Definitions

The term "Defendant"  shall mean 1-800-Law-Firm, PLLC including all affiliates and/or subsidiaries, and including all agents, employees, managers, employees, and representatives.

The term "Plaintiff" shall mean Mark W. Dobronski.

## Requests for Admission

You are requested to admit the truth of the following matters of fact:

**Request to Admit No. 1:** At no time has Defendant had "prior express consent" or "prior express written consent" to send SMS text messages or initiate telemarketing calls to telephone number 734-330-9671.


**Request to Admit No. 2:** Relative to the "TCPA compliance report" produced by Defendant as Exhibit A to Plaintiff's First Requests for Production of Documents to Defendant 1-800-Law-Firm, PLLC, nowhere in the TCPA disclosure statement or in the list of "marketing partners" does Defendant's name appear for purposes of consent being provided.

2

Respectfully submitted,

Dated: December 2, 2024

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **December 2, 2024**, I caused a copy of the foregoing *Plaintiff's Second Requests for Admissions to Defendant 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Ari Kresch, Esq.
26700 Lahser Road, Suite 310
Southfield, Michigan 48033-2617

_____
Mark W. Dobronski

3

# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,                    Case No.   2:24-cv-12512

                Plaintiff,          Honorable Brandy R. McMillion
                                    United States District Judge

v.

                                    Honorable Kimberly G. Altman
1-800-LAW-FIRM, PLLC,                 United States Magistrate Judge

                Defendant.

_____

**PLAINTIFF'S THIRD REQUESTS
FOR PRODUCTION OF DOCUMENTS TO
<u>DEFENDANT 1-800-LAW-FIRM, PLLC</u>**

     Plaintiff Mark W. Dobronski ("Dobronski") submits the following Requests

for Production of Documents to Defendant 1-800-LAW-FIRM, PLLC.  Pursuant to

Fed. R. Civ. P. 34, you are required to provide documents, as defined below, and file

written responses and answers to the requests for production within thirty (30) days

of service of them upon you.

**<u>General Instructions and Definitions</u>**

     The word "Plaintiff" means Mark W. Dobronski.

     The word "Defendant" shall mean 1-800-Law-Firm, PLLC, including you, your
agents, your employees, your insurance companies, their agents, their employees,
your attorneys, your accountants, your investigators, and anyone else acting on your
behalf.

- 1 -

The word "documents" includes those in the custody or control of Defendant, their attorneys or their investigators, or of any third parties to whom Defendant have surrendered possession, custody or control, or who are acting on their behalf, or who have otherwise obtained possession, custody or control, or who, upon their request, would surrender possession, custody or control to Defendant.

As used in these requests, the term "document" includes, without limitation, the original or any copies, regardless of origin or location, of any book, pamphlet, periodical, application, agreement, appointment calendar, letter, diary, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check,  statement, chart, graph, map, diagram, blueprints, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, summary, notebooks, photographs, instructions, electronically-stored data, minutes, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, computer-storage device or any other media to which Plaintiff has or had access, and any copies of reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of a copy sent or received or otherwise including drafts.

Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation. "Documents" are considered to include all attachments, enclosures and other documents which relate or refer to the original document.

If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge they have concerning the document they are unable to produce.  If any such document was, but is no longer, in her possession, custody or control, state how it was disposed of and the reason for such disposition.

If any document called for by these requests has been destroyed, the document is to be identified as follows:

      1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained;

9.      Date of destruction;

10.     Manner and reason for destruction;

11.     Person who authorized destruction; and

12.     Person who destroyed the document.

If any document called for by these requests is withheld on the basis of a claim of privilege, identify the document as follows:

1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

- 3 -

8.     All persons to whom it was distributed, shown or explained; and

9.     Present custodian and nature of the privilege asserted.

The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

These requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

### **Requests to Produce**

**Request for Production No. 1:** All "leads" which Defendant received via any "third party publisher associated with 1-800-LAW-FIRM" (as that phrase is utilized by Defendant in response to Interrogatory Number 5 of Plaintiff's First Set of Interrogatories to Defendant) during the period January 1, 2023 through December 31, 2024, inclusive, which "lead" information should include:

(A)     Universal LeadID;

(B)     Date and Time of the Lead Event;

(C)     Name;

(D)     Mailing Address (if provided);

(E)     Telephone Number;

(F)     IP Address.

This data should be submitted in Electronically Stored Information format, preferably Excel spreadsheet.

**Request for Production No. 2:** Any and all correspondence or communication by and between Defendant and any third-party vendor or third party publisher which discuss Plaintiff, this lawsuit, the name "Carla Heeringa", or telephone number 734-330-9671.

**Request for Production No. 3:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message sent for each SMS text message sent by Defendant or Defendant's vendor to telephone number 734-330-9671 during the period January 1, 2023 to present.

**Request for Production No. 4:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message received for each SMS text message received by Defendant or Defendant's vendor from telephone number 734-330-9671 during the period January 1, 2023 to present.

**Request for Production No. 5:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message sent for each SMS text message sent by Defendant or Defendant's vendor to telephone number 214-779-8146 during the period January 1, 2023 to present.

**Request for Production No. 6:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message received for each SMS text message received by Defendant or Defendant's vendor from telephone number 214-779-8146 during the period January 1, 2023 to present.

**Request for Production No. 7:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message sent for each SMS text message sent by Defendant or Defendant's vendor to telephone number 312-804-0911 during the period January 1, 2023 to present.

**Request for Production No. 8:** Call detail records showing the date/time, sending telephone number, receiving telephone number, and SMS text message received for each SMS text message received by Defendant or Defendant's vendor from telephone

number 312-804-0911 during the period January 1, 2023 to present.

Respectfully submitted,

Dated: February 8, 2024

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **February 8, 2024**, I caused a copy of the foregoing *Plaintiff's Third Requests for Production of Documents to Defendant 1-800-Law-Firm, PLLC* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Ari Kresch, Esq.
26700 Lahser Road, Suite 310
Southfield, Michigan 48033-2617

And, additionally, a courtesy copy sent via electronic mail to: akresch@1800lawfirm.com.

_____
Mark W. Dobronski

- 7 -

# EXHIBIT
# 8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,

            Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

            Defendant.

Case No.   2:24-cv-12512

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

---

## <u>AFFIDAVIT OF MARK W. DOBRONSKI</u>

State of Michigan       )
                     ) ss;
County of Washtenaw   )

    MARK W. DOBRONSKI, being first duly sworn, does depose and state as follows:

    1.  I am the plaintiff *pro se* in the above-captioned action.

    2.  I am of the age of majority.

    3.  If sworn as a witness, I can testify competently of my own knowledge as to the facts set forth in this affidavit.

    4.  At no time on February 28, 2025 did I speak to or have any communication with Ari Kresch or any other person affiliated with 1-800-Law-Firm, PLLC.

    5.  Any representation by Ari Kresch that, on February 28, 2025, Kresch contacted me to seek concurrence in any motion is **<u>FALSE</u>**!

    6.  The only times that I have any direct communication with Ari Kresch was

1

during a status conference held in this case via remote video connection on February 7, 2025, and an email from Kresch on October 23, 2024.

I declare under the penalty of perjury that the foregoing is true and correct.

_Mark W. Dobronski_

Mark W. Dobronski

Subscribed and sworn to before me
this  12th  day of March, 2025.

_Kellie L Labadie_

Kellie L Labadie
Notary Public of Michigan
Washtenaw County
Expires 12/01/2025
Acting in the County of _____

2