UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

           Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

           Defendant.

Case No.  **2:24-cv-12512**

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT 1-800-LAW-FIRM, PLLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) and 56

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, hereby responds in opposition to Defendant 1-800-Law-Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13] ("Motion"), and shows as follows:

As a preliminary matter, Defendant 1-800-Law-Firm, PLLC ("Defendant") has failed to comply with the "confer" requirements of E.D. Mich. LR 7.1(a).  In fact, Defendant's counsel has made a material false representation to this Court in this regard.

As will be shown herein, Defendant's instant Motion (and 3 other specious motions filed by 800LawFirm simultaneously on the same afternoon) have been filed

1

in a bad faith attempt to disrupt the orderly progress in this case.

Attached hereto, at EXHIBIT 1, is Affidavit of Mark W. Dobronski.

WHEREFORE, for the foregoing reasons, and as further set forth in the accompanying brief, Plaintiff respectfully requests that Defendant 1-800-Law-Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13] be DENIED.

Respectfully submitted,

Date: March 18, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,                    Case No.  **2:24-cv-12512**

                Plaintiff,          Honorable Brandy R. McMillion
                                        United States District Judge

v.

                                        Honorable Kimberly G. Altman
1-800-LAW-FIRM, PLLC,                  United States Magistrate Judge

                Defendant.

_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT 1-800-LAW-FIRM, PLLC'S MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) and 56</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.    Should this Court deny Defendant's Motion where Defendant has falsely certified to the Court that Defendant complied with the "confer" requirements of E.D. Mich. LR 7.1(a), when in reality Defendant made no attempt to confer with Plaintiff whatsoever?

        Plaintiff says:      YES.

2.    Should this Court, *sua sponte*, order Defendant's counsel to show cause why the Court should not impose sanctions upon Defendant's counsel for making a material and false representation to the Court regarding compliance with E.D. Mich. LR 7.1(a)?

        Plaintiff says:      YES.

3.    Should this Court make a judgment on the pleadings and dismiss Plaintiff's Complaint based on Federal Rule of Civil Procedure 12(c)?

        Plaintiff says:      NO.

4.    Should this Court make summary judgment and dismiss Plaintiff's claims based on Federal Rule or Civil Procedure 56?

        Plaintiff says:      NO.

## MOST RELEVANT OR CONTROLLING AUTHORITY

*Abu v. Dickson*, 107 F.4th 508, 520 (6th Cir. 2024).

 *Erickson v. Newmar Corp*., 87 F.3d 298, 303 (9th Cir.1996).

*Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014).

*Lamark v. Laiwalla*, 2013 WL 5703614, *2 (E.D. Cal. 2013)

*Normore v. Dallas Independent School District*, 677 F.Supp.3d 494, 545 (N.D.Tex., 2023

*Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 Fed. Appx. 246, 255 (6th Cir. 2015)

*U.S. v. Ramesh*, 2009 WL 817549, at *6 (E.D.Mich.,2009)

*In the Matter of Rules aand Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8004, 2015 WL 4387780, at *29, ¶ 81 (FCC, July 10, 2015)

47 U.S.C. § 227

Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 56(a), (c)(2)

47 C.F.R. § 64.1200(c)(2), (f)(15)

Mich. R. Prof. Cond. 3.3(a)(1)

## INTRODUCTION

### A.    Case Background.

The above-captioned civil action arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. 227, et seq. [ECF No. 1, PageID.1 , ¶ 1].  Commencing during June 2023, Plaintiff received a series of uninvited SMS text messages and telephone solicitation calls to his cellular telephone number 734-***-9671. [ECF No. 1, PageID.14-16, ¶¶ 55-64].  Two of the SMS text messages were addressed to "Carla", and were seeking interest in qualifying for mass tort litigation claims involving, *inter alia*, faulty Philips continuous positive air pressure (CPAP) machines, and polyfluoroalkyl substances (PFAS), which SMS text messages also identify Defendant as the sender. [ECF No. 1, PageID.14, ¶ 57; PageID.15, ¶ 61].  All totaled, and beyond the two SMS text messages just referenced, during the final week of June 2023, Plaintiff received over a dozen similar SMS text messages, as well as several telephone calls, ostensibly seeking "Carla", and soliciting interest in various mass tort litigation and tax debt settlement matters, but which are not clear as to the identity of the sender. [ECF No. 1, PageID.16, ¶ 64].  The SMS text messages and telephone solicitations appear be somehow related to Defendant, as the SMS text messages are all in similar format and more than one of the messages had the same caller identification numbers as utilized in the earlier 2 SMS text messages described. In addition, several telephone solicitations asked for "Carla" and sought interest in

various mass tort litigation claim matters, but the callers would hang-up when asked to identify themselves. [*Id.*]

**B. Procedural Status.**

On September 25, 2024, Plaintiff initiated this action by the filing of the Complaint. [ECF No. 1]. Defendant was promptly served the summons and complaint on October 1, 2024. [ECF No. 6]. On October 21, 2024, Defendant filed an Answer to the Complaint. [ECF No. 7]. On October 25, 2024, a Scheduling Order was entered, discovery opened, and a discovery due date of February 25, 2025 was set. [ECF No. 9].

On October 26, 2024, Plaintiff served Plaintiff's First Set of Interrogatories [ECF No. 17, PageID.126-131], Plaintiff's First Requests for Production of Documents [ECF No. 17, PageID.133-139], and Plaintiff's First Requests for Admissions upon Defendant [ECF No. 17, PageID.141-145], upon Defendant.

On November 26, 2024, Defendant served responses and objections to Plaintiff's First Set of Interrogatories, and responses and objections to Plaintiff's First Requests for Production of Documents, upon Plaintiff.

On December 2, 2024, Plaintiff served Plaintiff's Second Set of Interrogatories [ECF No. 17, PageID.147-152], Plaintiff's Second Requests for Production of Documents [ECF No. 17, PageID.154-158], and Plaintiff's Second Requests for Admissions [ECF No. 17, PageID.160-162], upon Defendant. Responses were due

on January 2, 2025.

On February 5, 2025, the Court held a Status Conference to resolve a discovery dispute: Defendant had not responded to any of Plaintiff's discovery requests served on December 2, 2024. At the status conference, the Magistrate Judge directed that Defendant shall respond to Plaintiff's second set of discovery requests within 30 days (meaning March 7, 2025). [ECF No. 12].

On February 8, 2025, Plaintiff served Plaintiff's Third Requests for Production of Documents upon Defendant. [ECF No. 17, PageID.164-170]. Responses were due on March 10, 2025.

Instead of responding to Plaintiff's discovery requests, Defendant waited until March 10, 2025 --- three days after the March 7, 2025 deadline, and more than 68 days after the original January 2, 2025 response deadline — to file four (4) motions with the Court:

- Defendant 1-800-Law Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13];

- Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss [ECF No. 14];

- Motion for Attorney's Fees and Costs [ECF No. 15]; and,

- Defendant 1-800-Law-Firm's Motion for Sanctions Against Plaintiff Mark Dobronski

8

for Frivolous Litigation and Abuse of the
Judicial Process [ECF No. 16].

Reviewing this sheaf of motions, it becomes apparent that the motions have

been filed for the sole and improper purpose of harassment and delay. Clearly,

Defendant is evading discovery because Defendant does not want to get to the factual

merits of this case.

## PRELIMINARY MATTER

E.D. Mich. LR 7.1(a)(1) promulgates:

> "Before filing a motion... the movant must ascertain before
> filing whether the contemplated motion... will be opposed.
> To accomplish this, the movant must confer with the other
> parties and other persons entitled to be heard on the motion
> in good faith and in a manner that reasonably explains the
> basis for the motion and allows for an interactive process
> aimed at reaching agreement on the matter or those aspects
> of the matter that can be resolved without court
> intervention, given the nature of the contemplated motion.
> The conference must be held sufficiently in advance of
> filing the motion to allow a good faith interactive exchange
> aimed at resolving the matter. If the movant obtains
> concurrence, the parties or other persons involved may
> make the subject matter of the contemplated motion or
> request a matter of record by stipulated order."

E.D. Mich. LR 7.1(a)(1).

Defendant's Motion to Dismiss contains the following certification by

Defendant's counsel, Air Kresch:

> "Pursuant to LR 7.1(a), the undersigned counsel certified
> that on February 28, 2025, he contacted Plaintiff to seek

concurrence in the relief sought and concurrence was denied."

[ECF No. 13, PageID.46].

However, Kresch's certification is a blatant falsehood.  At no time on February 28, 2025 – or any other date – did Kresch engage in a LR 7.1(a) conference with Plaintiff regarding any prospective motion.  See Exhibit 1,  ¶¶ 14-16.

Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District; inasmuch as defendant has failed to comply with this Local Rule prior to filing this motion, the Court must deny the relief that defendant seeks to obtain. *U.S. v. Ramesh*, 2009 WL 817549, at *6 (E.D.Mich.,2009). The Local Rules, as well as the Federal Rules of Civil Procedure, are called "rules," not "suggestions" or "guidelines," and as Justice (then Judge) Charles Levin stated in *People v. Farrar*, 36 Mich.App. 294, 299 193 N.W.2d 363, 366 (1971), "Unless we enforce the rules we encourage their violation...." *Bryce v. Commissioner of Social Security*, 2013 WL 12123666, at *1 (E.D. Mich. 2013).

Plaintiff has experienced numerous defendants who have failed, in good faith, to comply in good faith with E.D. Mich. LR 7.1(a).  Typically, a defendant's counsel will send off a short email, and then a short time later the same day will electronically file their motion, and call the email the "conference."  However, in the instant case at bar, Defendant's counsel, Ari Kresch,  did not send an email, nor did he telephone.  Instead,

Kresch has falsely certified to the Court as to a *non-existent* telephone conference Kresch had with Plaintiff on February 28, 2025.  In short, Kresch has lied to the Court.

Michigan Rules of Professional Conduct, Rule 3.3(a)(1) promulgates:

> "A lawyer shall not knowingly: make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

Here, Kresch's conduct was certainly knowing.  Kresch clearly knew that he did not speak with Plaintiff on February 28, 2025, or any other date, regarding seeking concurrence in any motions.  A lawyer owes, to the judiciary, candor, diligence and utmost respect. *Normore v. Dallas Independent School District*, 677 F.Supp.3d 494, 545 (N.D.Tex., 2023).  Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court.  *In re Tri–Cran*, 98 B.R. at 616.  Every lawyer is an officer of the court ... [and] he always has a duty of candor to the tribunal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).  A general duty of candor to the court exists in connection with an attorney's role as an officer of the court. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 457 (4th Cir.1993). Fundamental among attorney's obligations to the legal system are candor, honesty, and compliance with the rules of, and orders issued by, the court. *In re Merriam*, 250 B.R. 724, 737 (Bkrtcy.D.Colo.,2000). Justice requires that all involved in our legal system work to ensure that a true and accurate picture of the facts is presented to the court; this means that parties and their attorneys must respond to discovery fairly and accurately,

11

and that counsel assert only arguments that are supported by facts. *Fish v. Kobach*, 320 F.R.D. 566, 573 (D.Kan., 2017).

Plaintiff submits that this Court cannot turn a blind eye toward Kresch;s misconduct. The Court must act to sanction Kresch for willfully and knowingly making a material false representation to this Court. It is the court which is authorized to supervise the conduct of the members of its bar and has a responsibility to maintain public confidence in the legal profession. *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir.1996).

## LEGAL STANDARD

### A.    Rule 12(c)

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

## B.     Rule 56

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004). "The moving party has the initial burden of proving that no genuine issue of material fact exists...." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may

13

"consider the fact undisputed for purposes of the motion"). "Once the moving party

satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific

facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453

(6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986)).

## ARGUMENT

### A.   Whether Plaintiff Provided Consent to Receive Text Messages

Defendant begins its arguments by alleging that "Plaintiff provided consent to

receive text messages." [ECF No. 13, PageID.52]. According to Defendant's

Statement of Facts, "Plaintiff voluntarily submitted an inquiry for legal assistance

through Defendant's online advertisement using a false identity 'Carla Heeringa'...."

[ECF No. 13, PageID.51]. Defendant claims that "[t]his submission is documented

in Defendant's Responses to Plaintiff's First Set of Interrogatories." *Id.* Defendant

attaches to the instant motion a copy of the interrogatory responses. [ECF No. 13,

PageID.57-61]. First, and foremost, the interrogatory responses have NOT been

submitted under oath. Fed. R. Civ. P. 33(b)(3) promulgates:

> "Each interrogatory must, to the extent it is not objected
> to, be answered separately and fully in writing *under oath*."

Fed. R. Civ. P. 33(b)(3) (Emphasis added.)  Accordingly, at this point, the Court

cannot consider the interrogatory responses because they have not been answered

under oath.  But even if the interrogatories were answered under oath, for purposes of a Rule 12(c) motion, which is subject to the same standards of review as a Rule 12(b)(6) motion, the Court is obliged to confine its review to the four conrers of the Complaint.  See *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 Fed. Appx. 246, 255 (6th Cir. 2015) ("Typically, with respect to Rule 12(b)(6) motions, the Court is limited to the four corners of the complaint.").

As far as turning the instant motion into a motion for summary judgment under Rule 56, Defendant has failed to demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

First, in the Complaint, Plaintiff avers that "[a]t no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendant." [ECF No. 1, PageID.8, ¶ 32].  Further, Plaintiff avers under oath that he did not "submit an inquiry for leal assistance through Defendant's online advertisement using a false identity."  *See* Exhibit 1, ¶ 7.

Second, the interrogatory responses – even if they stated something of relevance –  which Defendant included as an exhibit to their Motion were not submitted *under oath* and, thus, are inadmissible into evidence at this time. *See* Fed. R. Civ. P. 56(c)(2).

Third, and fatal to Defendant's defensive claim, is the fact that Defendant has

judicially admitted that Defendant did *not* have consent from Plaintiff.  In Plaintiff's

Second Requests for Admissions to Defendant 1-800-Law-Firm, PLLC, the following

requests to admit were posited to Defendant:

> **Request to Admit No. 1:** At no time has Defendant had "prior express consent" or "prior express written consent" to send SMS text messages or initiate telemarketing calls to telephone number 734-330-9671.

> **Request to Admit No. 2:** Relative to the "TCPA compliance report" produced by Defendant as Exhibit A to Plaintiff's First Requests for Production of Documents to Defendant 1-800-Law-Firm, PLLC, nowhere in the TCPA disclosure statement or in the list of "marketing partners" does Defendant's name appear for purposes of consent being provided.

[ECF No. 17, PageID.161].  The requests for admissions were served upon Defendant

on December 2, 2025, and responses were due 30 days later. Defendant did not

answer, object, or otherwise respond to the interrogatories.  Thus, by operation of

Fed. R. Civ. P. 36(b)(3), the requests to admit are deemed admitted.  Rule 36 is

"self-executing," and no motion is required to establish a deemed admission. *Lamark*

*v. Laiwalla*, 2013 WL 5703614, *2 (E.D. Cal. 2013) quoting *F.T.C. v. Medicor LLC.*,

217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002).  When a request for admissions is

admitted or deemed admitted, it is conclusively established for purposes of the

litigation. See, *e.g.*, *Borges v. U.S. Bank*, 2013 WL 1776431 (E.D. Cal. 2013); *Perez*

*v. Aircom Management Corp., Inc.*, 2013 WL 45895 (S.D. Fla. 2013); *National*

*Independent Truckers Ins. Co. v. Gadway, 860 F. Supp. 2d 946 (D. Neb. 2012); Schreiber v. Northland Group, Inc.*, 2013 WL 53852 (E.D. Mo. 2013); *Mendez v. Joeris General Contractors, Ltd.*, 2013 WL 3153982 (W.D. Tex. 2013).

Likewise, Defendant's argument that "Plaintiff's failure to exercise these opt-out options further weakens his claims" [ECF No. 13, PageID.53] holds no water. The FCC has declared that "the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made." *In the Matter of Rules aand Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 8004, 2015 WL 4387780, at *29, ¶ 81 (FCC, July 10, 2015).  A caller may rely on the valid consent of a consenting party until that consenting party revokes the consent and opts out of calls, but the subscriber to or customary user of a reassigned number has never consented and therefore has nothing from which to opt out. *Id.*

## B.    Whether Plaintiff's Claims Are Barred by Established Precedent

Next, Defendant argues that Plaintiff "cannot bring claims for calls or messages that he actively solicited." [ECF No. 13, PageID.53].  Once again, the allegations pled in the Complaint as well as Defendant's judicial admissions are fatal to this defensive claim.  But, even without the judicial admissions, Plaintiff denies that he solicited or provided consent for any of the calls *See* Exhibit 1, ¶¶ 7-12.  Plaintiff did not initiate any of the calls.  Each of the calls were initiated by Defendant or Defendant's third-

party agent. [ECF No. 1, PageID.13, ¶ 55; PageID.15, ¶ 61].

### C.    Whether the National Do Not Call Registry Applies

Defendant makes a rather curious – and poorly explained – argument that "the National Do Not Call Registry" does not apply. [ECF No. 13, PageID.53]. Unexplained is how or why it does not apply.  Defendant argues that "Defendant made no outbound calls to Plaintiff." *Id*.  Apparently, Defendant is trying to claim that an SMS text message is not a "call."   However, it is undisputed that a text message constitutes a call for the purposes of the TCPA.  *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014).

Defendant next argues that "Defendant is not a telemarketing company and, therefore, is not subject to DNC regulations." [ECF No. 13, PageID.54].  This is far from an accurate analysis of the law.  47 C.F.R. § 64.1200(c)(2) promulgates:

> "No person or entity shall initiate any telephone solicitation to:... A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

The subject regulation clearly proscribes that "no person or entity shall...."  Further, Defendant apparently wants to overlook that the subject offending text messages were expressly for the purpose of  soliciting potential personal injury  clients for which Defendant could provide their legal services.  The text messages fit squarely within

the definition of a "telephone solicitation" as set forth at 47 C.F.R. § 64.1200(f)(15).

Defendant argues that "the Federal Trade Commission expressly permits calls made for political, charitable, debt collection, information, and survey purposes – even to numbers registered on the DNC list." [ECF No. 13, PageID.54].  While that statement may be technically correct, Plaintiff's Complaint is founded upon violations arising under the TCPA. [ECF No. 1, PageID.1, ¶ 1].  Congress delegated authority to the Federal Communications Commission to prescribe regulations enforcing the TCPA. Gary v. TrueBlue, Inc., 346 F.Supp.3d 1040, 1042–43 (E.D.Mich., 2018). The Federal Trade Commission regulates the Telemarketing Sales Rule, 16 C.F.R. Part 310 pursuant to authority delegated by Congress under the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101, *et seq.*  Further, the subject text messages alleged in the complaint were not for political, charitable, debt collection, information or survey purposes; they were to solicit personal injury clients for which Defendant could provide their legal services.

Lastly, Defendant argues that "Plaintiff has failed to provide any evidence that his number was registered on the DNC Registry at the time of the interaction." [ECF No. 13, PageID.54]. In the Complaint, Plaintiff clearly alleg3es that "Plaintiff's cellular telephone number 734-***-9671 is listed on the National Do Not Call Registry...." [ECF No. 1, PageID.6, ¶ 24].  For purposes of this Motion, the Court must accept that allegations of the Complaint as true.  Although certainly not required

at this stage, Plaintiff does aver under oath as to same.  See Exhibit 1, ¶ 12.

### D.     Whether Plaintiff's Conduct Constitutes an Abuse of Process and Warrants Dismissal

Defendant argues that "Plaintiff has demonstrated a pattern of using discovery as a means to identify additional businesses to sue, rather than to advance legitimate claims." [ECF No. 13, PageID.54].  But, Defendant does not provide one example or any explanation of this alleged "pattern or this alleged "bad faith use of the court's resources."  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.  *Abu v. Dickson*, 107 F.4th 508, 520 (6th Cir. 2024).

Defendant makes passing reference to "Plaintiff disciplinary history in Arizona" [*id.*] which somehow confirms "a willingness to manipulate legal proceedings for personal gain." *Id.*   But, Defendant provides no examples or explanations.

The only abuse of process would appear to be Defendant's simultaneous filing of four (4) specious, frivolous motions which this Court and this Plaintiff must now be forced to endure.

### CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that this Court:

(1) enter its order that Defendant 1-800-Law-Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13] be denied;

(2) enter such order that this Court deems appropriate relative to the wiullful and knowing misrepresentations made by Defendant's counsel, Ari Kresch.

(3) grant such additional and/or further relief as this Court deems appropriate.

Respectfully submitted,

Date: March 12, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 18, 2025**, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant 1-800-Law-Firm's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

                    Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

                    Defendant.

Case No.   **2:24-cv-12512**

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

## <u>INDEX OF EXHIBITS</u>

EXHIBIT 1:     Affidavit of Mark W. Dobronski

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

               Plaintiff,

v.

1-800-LAW-FIRM, PLLC,

               Defendant.

Case No.   2:24-cv-12512

Honorable Brandy R. McMillion
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

---

## AFFIDAVIT OF MARK W. DOBRONSKI

State of Michigan      )
                        ) *s.s.;*
County of Washtenaw  )

    MARK W. DOBRONSKI, being first duly sworn, does depose and state as follows:

    1. I am the plaintiff *pro se* in the above-captioned action.

    2. I am of the age of majority.

    3. If sworn as a witness, I can testify competently of my own knowledge as to the facts set forth in this affidavit.

    4. I prepared and have read the Complaint in this matter and know the contents thereof.

    5. The allegations in the Complaint are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

6.   I have read Defendant 1-800-Law-Firm, PLLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c) and 56 [ECF No. 13] and know the contents thereof, including the exhibits attached thereto.

7.   At no time did I "submit an inquiry for legal assistance through Defendant's online advertisement using a false identify 'Carla Heeringa.'"

8.   At no time on June 25, 2023 did I fill out an online form as alleged in Defendant 1-800-Law-Firm, PLLC's Response to Plaintiff's First Set of Interrogatories to Defendant 1-800-Law-Firm, PLLC. [ECF No. 13, PageID.59-61].

9.   I was not in Chicago, Illinois, nor anywhere within 150 miles of Chicago, Illinois, on June 25, 2023.

10.   I have never provided consent to 1-800-Law-Firm, PLLC to initiate telemarketing calls to me or my cell phone number 734-***-9671.

11.   I have never had an "established business relationship" with 1-800-Law-Firm, PLLC.

12.   My cell phone number 734-***-9671 has been registered on the National Do Not Call Registry since December 9, 2004.

13.   I use my cell number 734-***-9671 primarily for personal, family, and household communications, and not for business purposes.

14.   At no time on February 28, 2025 did I speak to or have any communication with Ari Kresch or any other person affiliated with 1-800-Law-Firm, PLLC.

15.   Any representation by Ari Kresch that, on February 28, 2025, Kresch contated me to seek concurrence in any motion is **<u>FALSE</u>**!

16.   The only times that I have had any direct communication with Ari Kresch was during a status conference held in this case via remote video connection on February 7, 2025, and an email from Kresch on October 23, 2024.

I declare under the penalty of perjury that the foregoing is true and correct.

_Mark W. Dobronski_
Mark W. Dobronski

Subscribed and sworn to before me
this **18th** day of March, 2025.

Kelsie C. Morris
Notary Public, State of Michigan
County of Lenawee
Acting in Washtenaw County
My Commission Expires April 5, 2030