UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK W. DOBRONSKI, | Case No.  **2:24-cv-12512** |
| Plaintiff, | Honorable Brandy R. McMillion<br>United States District Judge |
| v. | |
| 1-800-LAW-FIRM, PLLC, | Honorable Kimberly G. Altman<br>United States Magistrate Judge |
| Defendant. | |

_____

**PLAINTIFF MARK W. DOBRONSKI'S
MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENA ISSUED TO
GOOGLE LLC**

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, pursuant to Fed. R. Civ P. 45(g), hereby moves for the entry of an Order compelling the production of documents and/or information to the Supoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in Civil Action, issued to GOOGLE LLC ("Subpoena"). In support, Plaintiff states as follows:

### FACTUAL BACKGROUND

The above-captioned civil action arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. 227, et seq. [ECF No. 1, PageID.1 , ¶ 1]. Commencing during June 2023, Plaintiff received a series of uninvited SMS text messages and telephone solicitation calls to his cellular telephone number 734-***-

1

9671. [ECF No. 1, PageID.14-16, ¶¶ 55-64]. Two of SMS text messages were addressed to "Carla", and were seeking interest in qualifying for mass tort litigation claims involving, *inter alia*, faulty Philips continuous positive air pressure (CPAP) machines, and polyfluoroalkyl substances (PFAS), which SMS text messages also identify Defendant 1-800-LAW-FIRM as the sender. [ECF No. 1, PageID.14, ¶ 57; PageID.15, ¶ 61]. All totaled, Plaintiff during the final week of June 2023, Plaintiff received over a dozen similar SMS text messages, a well as several telephone calls, addressed to "Carla", and soliciting interest in various mass tort litigation and tax debt settlement matters, but which are not clear as to the identity of the sender. [ECF No. 1, PageID.16, ¶ 64]. The SMS text messages and telephone solicitations appear be somehow related to Defendant 1-800-LAW-FIRM, as the SMS text messages are all in similar format and more than one of the messages had the same caller identification numbers as utilized in the earlier 2 SMS text messages described. In addition, several telephone solicitations asked for "Carla" and sought interest in various mass tort litigation claim matters, but the callers would hang-up when asked to identify themselves. [*Id.*]

In order to identify the actual sender behind the SMS text messages and telephone solicitation calls, Plaintiff consulted the Home Location Registration database (www.hlrlookup.com) and determined that Bandwidth Inc. ("BWI") was the telephone carrier providing telephone service for five (5) of the telephone numbers from which Plaintiff had received "Carla" calls. Plaintiff issued a subpoena to non-

2

party BWI.

BWI responded that the subject telephone numbers were on the BWI network and assigned to a wholesale customer, to wit: Google, Inc. ("Google"). See EXHIBIT 1. Accordingly, Plaintiff served a subpoena upon Google seeking the identity(s) of the end user(s) of the five (5) telephone numbers. See EXHIBIT 2.

On April 8, 2025, Google responded with a seven (7) page, single-spaced, boilerplate objection to providing the information being sought by Plaintiff: to wit: the name and address of the end user(s) assigned the five (5) telephone numbers. See EXHIBIT 3.

Plaintiff has attempted to confer with Google regarding their objections, but Google is essentially "ghosting" Plaintiff's attempts at communication.

Plaintiff now seeks an Order from the Court to compel Google to comply with the subpoena.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a), "a party may serve a subpoena on a non-party . . . commanding that party to 'attend and testify; produce designated documents, electronically stored information, or tangible things in the person's possession, custody or control; pr permit the inspection of premises' at a specified time and place." *Atlantech, Inc. v. Am. Panel Corp.*, No. 11-50076, 2011 WL 2078222, at *2 (E.D. Mich. May 24, 2011); *see also* Fed. R. Civ. P. 34(C) ("As provided in Rule 45, a non-party may be compelled to produce documents and

3

tangible things or to permit an inspection.").

A court must quash a subpoena if it (1) fails to give the party a reasonable time to comply or requires compliance beyond the applicable geographic limits, (2) requires the disclosure or either privileged or other protected matter in the absence of an applicable exception or waived, or (3) would be unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A); *see also Atlantech, Inc.*, at *2. A court may quash or modify a subpoena it is requires the disclosure of (1) "a trade secret or other confidential research, development, or commence information" or (2) "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(c)(B); *see also Atlantech, Inc.*, at *2.

The party seeking to quash a subpoena bears the burden of demonstrating that discovery should not be permitted." *Atlantech, Inc.*, at *2. "[T]ht party seeking to quash a third-party subpoena must meet a heavy burden of proof." *Proto Gage, Inc. v. Fed. Inc. Co.*, No. 21-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022).

## ARGUMENT

Plaintiff served non-party Google with a subpoena. The time set forth therein for compliance has long expired. Google responded with boilerplate objections and did not provide the requested information. "Boilerplate or generalized objections are tantamount to no objection at all and will not be considered...." *Strategic Mktg. & Research Team, Inc. v. Auto Data Solutions, Inc.,* 15-12695, 2017 WL 1196361, at

4

*2 (E.D. Mich. Mar. 31, 2017) (Murphy III, J.) (quoting *Nissan N. Am., Inc. v. Johnson N. Am., Inc.*, No. 09-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (Majzoub, M.J.)). Lawyers who purport to "preserve" an objection by including it in a boilerplate statement must be prepared to face the fact that the result of a substance-free objection is generally "the opposite of preservation[,]" *i.e.*, forfeiture. *Wesley Corporation v. Zoom T.V. Products, LLC*, 2018 WL 372700, at *4 (E.D.Mich., 2018).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter its order compelling non-party GOOGLE LLC to fully respond to the subpoena, and failing which, that said non-party be held in contempt.

Respectfully submitted,

Date: May 12, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

      I hereby certify that on **May 12, 2025**, I electronically filed the foregoing *Plaintiff Mark W. Dobronski's Motion to Compel Compliance with Non-Party Subpoena Issued to Google LLC.* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system, and additionally served the subject non-party by sending same in a sealed envelope, with first class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

      Google LLC
      c/o CSC-Lawyers Incorporation Service (Company)
      3410 Belle Chase Way, Suite 600
      Lansing, Michigan 48911-4274

      */s/ Mark W. Dobronski*
      _____
      Mark W. Dobronski

# EXHIBIT 1

[Bandwidth] Re: Notice of Service of Process - Transmittal Number:30814566

From: Linda (Bandwidth Legal Department) (uslawenforcement@bandwidth.com)
To: markdobronski@yahoo.com
Date: Thursday, February 27, 2025 at 07:46 PM EST



Your request (162624) has been updated. To add additional comments, reply to this email.

 Linda (Bandwidth)
Feb 27, 2025, 7:46 PM EST

**Matter Name: Mark W. Dobronski vs. 1-800-Law-Firm, PLLC**
**Case Number: 24-cv-12512**

Thank you for contacting Bandwidth.

All of the telephone numbers in your request are on the Bandwidth network and assigned to the wholesale customer indicated below.

**Since Bandwidth does not serve the end users of the numbers, for any and all subscriber information, records, and preservation requests, you will need to contact Bandwidth's wholesale customer directly.**

**210-201-2168**
**210-201-2716**
**210-239-3678**
**210-504-9241**
**727-201-1975**
**Customer of record for the dates requested**
*From: 2023-06-01*
*To: 2025-01-31*

Google, Inc.
Custodian of Records
1600 Amphitheatre Parkway
Mountain View, CA 94043
Email: USLawEnforcement@google.com

FOR USE BY MEMBERS OF LAW ENFORCEMENT FOR DECLARED EXIGENT MATTERS ONLY:
Telephone: 844-383-8524 or 650-417-9011

Regards,

Linda
Law Enforcement Response Team

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| MARK W. DOBRONSKI | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 24-cv-12512 |
| 1-800-LAW-FIRM, PLLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: GOOGLE, INC.
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT 1 for details of documents, electronically stored information, or objects to be produced. This subpoena only requires production and does not require a personal appearance.

| Place: PO Box 99<br>Dexter, Michigan 48130-0099<br>or e-mail: markdobronski@yahoo.com | Date and Time:<br>Within 15 days of service of subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: FEB 0 7 2025

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are: Mark W. Dobronski

Mark W. Dobronski  PO Box 99  Dexter, MI 48130-0099  markdobronski@yahoo.com  (734) 641-2300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT 1

To:   GOOGLE, INC.

YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. IDENTIFY the subscriber to each of the Telephone Numbers shown during the period June 1, 2023 to February 28, 2025. Include subscriber name, mailing address, and (if known) e-mail address and contact telephone number.

   If the subscriber information for the Telephone Number changed during the indicated time period, provide the information for each subscriber and indicate the applicable time period for each.

   If the Telephone Number is assigned to a wholesale customer, IDENTIFY the wholesale customer and so indicate.

   For each Telephone Number, IDENTIFY who holds custody of call detail record data (i.e., you, wholesale customer, or other entity).

   If any Telephone Number has been ported to another carrier, identify the carrier to which ported and the date of porting.

Telephone Numbers
210-201-2168
210-201-2716
210-239-3678
210-504-9241
727-201-1975

This subpoena only requires production of the requested information, which may be accomplished by mail or electronic mail, and does not require a personal appearance.

# EXHIBIT 3

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

April 8, 2025

*Via Email*
*markdobronski@yahoo.com*

Mark W. Dobronski

PO Box 99
Dexter, Michigan 48130-0099
734-641-2300

**Re:** *Mark W. Dobronski v. 1-800-LAW-FIRM, PLLC*, United States District Court for the Eastern District of Michigan, 24-cv-12512 (Internal Ref. No. 88891165)

Dear Mark W. Dobronski:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated February 07, 2025, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents or testimony related to the purported Google accounts outlined in your Subpoena.

Without waiving our objections, Google may be willing to produce responsive non-content data, to the extent it exists and is available. Any productions made by Google are subject to the objections and limitations set forth below. Google further hereby makes the following objections to the Subpoena.

**Jurisdiction**

Google objects to the Subpoena to the extent that it has been issued by a court without subpoena power over non-party Google, and has not been properly domesticated in California as required by Cal. Civ. Proc. Code §§ 2029.100, *et seq*, see also the Uniform Interstate Depositions and Discovery Act ("UIDDA"). Subpoena power over a non-party does not extend beyond state lines, and Google is headquartered in California and documents and information regarding its business are retrievable and will be produced only from its headquarters in Santa Clara County, California. Accordingly, Google accepts and responds to subpoenas issued from Santa Clara Superior Court and properly served upon Google, or the appropriate office of Google's registered agent, Corporation Service Company (CSC) (*see* https://support.google.com/faqs/answer/6151275?hl=en). California law provides a mechanism for obtaining a subpoena from a California court for use in judicial proceedings pending in other state court jurisdictions. *See* Cal. Civil Proc. Code § 2029.100 *et seq*.

**GIL Entity**

To the extent that a Google account you are requesting information for, relates to services provided by Google Ireland Limited (GIL), which is incorporated in Ireland and which operates under Irish law, Google objects to those requests. In order to provide the information related to accounts whose services are provided by Google Ireland Limited, Google requires binding legal

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

process issued by an Irish court or under Irish law which must be validly served on Google Ireland.

**Request for Google Workspace User(s)**

To the extent that your request implicates a Google Workspace account, Google objects to the Subpoena because the appropriate entity to whom you should direct your request is the owner of the Workspace domain. The owner of the domain has custody and control over data associated with their domain, and accordingly legal process seeking such data should be directed towards the owner of the Workspace account. If you are seeking content related to a Google Workspace account, you have several options at your disposal as to how you can lawfully obtain this information:

1. You can ask the administrator for the content. The administrator can find instructions for downloading the organization's data at https://support.google.com/a/answer/100458.
2. Google users can obtain and produce their account content themselves by using Google Takeout, available at www.google.com/takeout/; or
3. You can request a court to order the administrator to comply with #1.

**Insufficient Information**

If there is limited information provided in the Subpoena such as the lack of proper and reliable identifiers, date ranges or proper names, Google objects to the Subpoena because it is unable to determine whether there is a relevant account in our records. Google cannot respond to the subpoena if it fails to sufficiently identify a Google account. Google has hundreds of millions of users, making it impossible to ensure that searches based on proper name, company name, birthday, social security number, presumed location, or similar information accurately identify the correct records.

**Service**

Google objects to the Subpoena to the extent it was improperly served. *See* Cal. Civ. Proc. Code § 2029.400; Fed. R. Civ. P. § 45(b)(1).

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address associated with the Google Account.

**First Amendment**

Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. *Glassdoor, Inc. v. Superior Court*, 9 Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena."). California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. *Glassdoor*, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, *Williams v. Superior Court*, 3 Cal. 5th 531 (2017); *see also ZL Technologies, Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim). Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Violation of Federal Law**

To the extent the Subpoena can be construed to include information we are prohibited from disclosing, Google objects on the grounds that Section 2702(a) of the federal Stored Communications Act ("SCA") prohibits Google from disclosing the content of electronic communications or content stored on behalf of the user, pursuant to a subpoena. The SCA prohibits Google from disclosing the content of electronic communications, including the headers for e-mails containing specific terms, pursuant to a subpoena. The production you seek would cause Google to disclose the presence or absence of communications containing specified content. A subpoena is not sufficient legal process for Google to disclose the existence of communications containing specific content. It is our position that this is a disclosure prohibited by the Stored Communications Act. 18 U.S.C. § 2702(a) *see e.g., Suzlon Energy Ltd. v. Microsoft Corp*, 671 F.3d 726, 730 (9th Cir. 2011); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *Mintz v. Mark Bartelstein & Assocs.*, Inc. 885 F. Supp. 2d 987, 993-94 (C.D. Cal. 2012); *In re Subpoena Duces Tecum to AOL, LLC.*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008); *O'Grady v. Superior Court of Santa Clara*, 139 Cal. App. 4th 1423, 1441-43 (2006).

Instead, the appropriate way to seek such content is to direct your request to the account

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

holder who has custody and control of the data in the account, is not bound by the SCA, and is the party to whom discovery requests should be directed. *Suzlon*, 671 F.3d 726, 730-31; *Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. *See Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 13 Cal. App. 4th at 1446-67; *see also Flagg*, 252 F.R.D. at 348, 366-67. Google users can obtain and produce their account content themselves, or by using Google Takeout, available at www.google.com/takeout/.
To the extent you are seeking the production of content based on a signed consent form, Google objects to the request because Google is unable to verify that the person signing the form is the account owner.

     Additionally, if the Subpoena seeks preservation of the contents related to a user's account, Google objects to the Subpoena on the grounds that it requests that Google preserve the content of electronic communications or content stored on behalf of the user. Preservation is for information that Google would ultimately be able to produce under the SCA.

**Authentication**

     You do not need Google to authenticate any records. Google cannot authenticate the identity of the person who drafted or received a communication. Moreover, under California law, any of the following can authenticate the content in question: the owner of the account; any witness with knowledge; any participant to the communications; circumstantial evidence; or the person who collects the content for production. *See* Cal. Evid. Code § 1410 (No restriction on "the means by which a writing may be authenticated."); *id*. § 1421 (Writing can be authenticated by its contents.). The Court of Appeal has held that a printout of an online profile was sufficiently authenticated by the police investigator that downloaded the printout, noting that the "threshold authentication burden for admissibility is not to establish validity or negate falsity in a categorical fashion, but rather to make a showing on which the trier of fact reasonably could conclude the proffered writing is authentic." *People v. Valdez*, 201 Cal. App. 4th 1429, 1434-37 (2011). Thus, defendant, his or her authorized representative, a defense investigator, or any witness with knowledge are all proper parties to authenticate content, and authentication by Google is therefore unnecessary.

**Obligations of Parties to Litigation**

     Google, a nonparty to the litigation objects to the subpoena because it would impose an undue burden to. *See* Fed. R. Civ. P. 45(d)(1). Provided that the account in question appears to belong to a party-opponent in the litigation, a third-party subpoena is not justified. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding refusal to enforce subpoena issued to non-party where same documents were available from party opponent); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("If documents are available from a party," it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.") (internal alterations and citation omitted); *Musarra v. Digital Dish, Inc.*, No. 2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this non-party the burden of producing documents presumably available to plaintiffs from a party to this litigation."); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

To the extent these records are sought to verify the completeness or accuracy of discovery from a party to the litigation, the Federal Rules of Civil Procedure do not permit third-party subpoenas for hypothetical impeachment evidence. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998) (affirming the trial court's denial of a Rule 45 subpoena where the information was sought "for purposes akin to impeachment."); *Musarra*, 2008 WL 4758699, at *3-4 (rejecting plaintiff's request for non-party discovery to "compare[] and contrast[]" with defendants' production). If you have reason to suspect that another party has not complied with their discovery obligations, you have other means available that do not place an undue burden on a third party. For example, you can request that the other party produce account data while under supervision by the court or by a special master or obtain the services of an e-discovery consultant. *See, e.g., Seven Seas Cruises S. De R.L. v. V. Ships Leisure SAM*, No. 09-23411-CIV, 2011 WL 772855, at *7 (S.D. Fla. Feb. 19, 2011), report and recommendation adopted, No. 09-23411-CIV, 2011 WL 772902 (S.D. Fla. Feb. 28, 2011) (granting a motion to compel after finding that defendant's production contained significant gaps, and ordering defendant to "retain the services of a qualified third party E-Discovery consultant or vendor and perform a search."). *See also Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (noting "obvious gaps and underproduction," and suggesting that, if there were "continuing problems. . . the court [would] order [defendants] to retain the services of an e-discovery vendor and . . . submit sworn, detailed declarations regarding their document preservation and collection efforts.").

**Deposition/Testimony**
Google objects to the Subpoena to the extent it calls for a deposition or testimony and does not intend to make a witness available on the requested date pursuant to its objections below.
1. Google objects on the grounds that the Subpoena imposes an undue burden on Google, a non-party. Google also objects on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case or through the production of documents in response to the Subpoena.
2. Google objects to the extent that the Subpoena is seeking testimony to authenticate records produced by Google. Such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity.
3. Google objects to the extent that the Subpoena calls for testimony more properly sought from an expert witness, including but not limited to testimony regarding how Google's products or services work.
4. Google objects on the grounds that the Subpoena is vague, overbroad, duplicative, cumulative, and oppressive. Google further objects to the extent the Subpoena is served for the purpose of annoying and harassing Google, a non-party.
5. Google objects on the grounds that the Subpoena demands that Google, a non-party, appear as a witness at its own expense. To the extent that Google appears as a witness pursuant to the Subpoena, Google shall only do so upon compensation allowed under

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

applicable law for any costs, including attorney fees, related to the deposition.

6. Google objects to the time and place set by the Subpoena for the deposition. The time and place of the requested deposition was selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide deposition testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place.
7. Google objects to any Topics to the extent they seek testimony regarding confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.
8. Google objects to the Topics to the extent it seeks testimony protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.
9. Google objects to the Topics to the extent they seek testimony regarding information that is not within Google's knowledge.
10. Google objects to the Topics to the extent that they are vague, ambiguous, unlimited in time or scope, or fails to identify the testimony sought with reasonable particularity.
11. Google objects to the Topics to the extent they seek testimony regarding information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
12. Google objects to the Topics to the extent that they seek testimony or impose obligations beyond what is permissible under applicable law.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.
2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
3. Google objects to the Subpoena to the extent it specifies a date of production or date of deposition that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.
4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.
5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

6. Google objects to the subpoena to the extent it seeks information in the possession, custody or control of any other entity besides Google LLC.
7. Google objects to the Subpoena to the extent it requests information created subsequent to the issuance of the legal process.
8. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).
9. Google also objects to the Subpoena to the extent it seeks information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.
10. Google further objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.


Regards,

Google Legal Investigations Support